**STATE of Missouri, Respondent,**

v.

**Everett R. LANCASTER, Appellant.**

**No. 57796.**

Supreme Court of Missouri, Division No. 2.

March 11, 1974.

**404**

---

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Roger M. Hibbits, Florissant, for appellant.

STOCKARD, Commissioner.

Appellant was found guilty by a jury of malicious destruction of property by use of an explosive in violation of § 560.400 RSMo 1969, V.A.M.S., and was sentenced to imprisonment for a term of two years. Appellant challenges the constitutionality of § 560.400, thereby vesting this court

with appellate jurisdiction even though the result we reach makes it unnecessary to rule the constitutional question. State ex rel. State Highway Commission v. Wiggins, 454 S.W.2d 899 (Mo. banc 1970); City of St. Louis v. Flynn, 386 S.W.2d 44 (Mo. 1965).

A jury reasonably could find from the evidence that on January 8, 1971, appellant placed an M–80 firecracker in the coin return slot of a pay telephone belonging to the United Telephone Company. He improvised a form of delayed action fuse by the use of an ordinary cigarette. He was not present when the firecracker exploded. Substantial damage to the telephone resulted.

Appellant was charged with a violation of § 560.400 which provides that "Every person who shall willfully and maliciously injure or destroy * * * any building or other property belonging to any other person, * * * or corporation * * * by * * * use of bombs, dynamite, nitroglycerine or other kind of explosives * * * shall be deemed guilty of a felony * * *."

The precise question is whether the words "or other kind of explosives," as used in § 560.400 includes a firecracker. The statute was amended in 1929, and prior thereto it provided that every person who willfully and maliciously injured or destroyed the property of another "by the use of bombs, dynamite, nitroglycerine or any other kind of explosives whatever, shall be deemed guilty of a felony * * *." By the amendment in 1929 the word "whatever" was eliminated.

The question presented calls for the construction of a criminal statute. In doing so we are to determine the intent of the Legislature, but in making this determination "it is a fixed rule that such statutes must be strictly construed against the state and liberally in favor of the defendant, and that no one is to be made subject to criminal prosecution by implication." State v. Getty, 273 S.W.2d 170 (Mo.1954).

In addition, as an aid to the construction of a statute, there is the rule of ejusdem generis. It provides that "where a statute contains general words only, such general words are to receive a general construction, but, where it enumerates particular classes or things, followed by general words, the general words so used will be applicable only to things of the same general character as those which are specified." McClaren v. G. S. Robins & Co., 349 Mo. 653, 162 S.W.2d 856 (Mo.1942). See also State v. Getty, supra, and Hammett v. Kansas City, 351 Mo. 192, 173 S.W.2d 70 (Mo.1943).

The specific things named in the statute are "bombs, dynamite, nitroglycerine." Each of these is a powerful explosive, and each is what is known as a "high explosive," which is defined as "A detonating explosive (as trinitrotoluene) used for its shattering effect." Wester's Third New International Dictionary. Each of the items specifically named is manufactured and designed to produce an explosion of extreme shattering effect. None have other purposes. A firecracker falls in the class of "fireworks" which have been defined as " 'A contrivance of inflammable and explosive materials combined of various proportions for the purpose of producing in combustion beautiful or amusing scenic effects, or to be used as a night signal on land or sea or for various purposes in war.' " Henderson v. Massachusetts Bonding and Insurance Co., 337 Mo. 1, 84 S.W.2d 922 (Mo.1935). A firecracker is an item of fireworks which is designed to produce a loud sound or noise, and to be used in activities pertaining to a celebration, or perhaps to give a warning. In the Henderson case, in reference to "two-inch salutes," which are firecrackers, it was said they "explode with a loud noise and blow their covering to pieces."

There is no question but that a firecracker is an "explosive" in that it produces an explosion when ignited, but it is not a "high explosive," and it was not designed to produce an extreme shattering effect. In Henderson v. Massachusetts Bonding & Insurance Co., supra, a liability insurance policy provided coverage if "No explosives [were] made, sold, kept or used on the insured premises." The insurance company denied liability because there was kept on the premises fireworks which included firecrackers. We find this language in the opinion: "Is there not a difference between 'explosives,' as used and sold commercially, and articles which are not ordinarily designated as 'explosives,' but which do contain some explosive material? What would the average business man think this meant when reading it in his policy? Shotgun shells, rifle cartridges, firecrackers and Roman candles? We think not. There is no doubt that gunpowder is an explosive. Shotgun shells and rifle cartridges contain gunpowder, but would any merchant consider that such a prohibition against explosives would prohibit him from carrying in his store rifle cartridges and shotgun shells? Is not the same thing true of fireworks?"

When we consider the nature and purpose of the things specifically named in the statute, the nature and purpose of a firecracker, the usually accepted meaning of the words "explosives" and "firecrackers," that in the 1929 amendment to § 560.-400 the word "whatever" was eliminated, and we then apply the rule of ejusdem generis and adhere to the rule that a criminal statute is to be strictly construed, we reach the conclusion that the Legislature did not intend to include a firecracker within the term "other kind of explosives" as it is used in § 560.400.

The judgment is reversed and appellant is discharged.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.