In re **RIVERSIDE SEWER COMPANY, Debtor.**

**COUNTY BANK OF ST. LOUIS (formerly St. Louis County Bank and St. Louis County National Bank), Plaintiff,**

v.

**RIVERSIDE SEWER COMPANY and Barry S. Schermer, Defendants.**

**Bankruptcy No. 81–02301(3).**
**Complaint No. 83–0010(3).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Dec. 13, 1983.

David L. Welsh, St. Louis, Mo., for debtor/defendant.

Barry S. Schermer, Clayton, Mo., trustee/defendant.

Andrew A. Rimmel, Clayton, Mo., for trustee/defendant.

Gary J. Sanguinet, St. Louis, Mo., for plaintiff.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

This matter is before the Court on the operating trustee's motion for a summary judgment upon the Bank's complaint for relief from the automatic stay.

The debtor, Riverside Sewer Company (hereinafter, Riverside), is a public utility under Missouri law, and is therefore subject to Section 386.010 *et seq.*, Mo.Ann.Stat. § 386.010 (Vernon 1983), and to the Rules and Regulations of the Missouri Public Service Commission.

On September 25, 1974, Riverside executed a note in the principal amount of $300,000.00, payable to the County Bank (formerly St. Louis County Bank and St. Louis County National Bank), plaintiff here. The note was secured by a deed of trust upon certain of the debtor's business real estate located in St. Louis County, Missouri. On January 30, 1976, the debtor executed a note in the amount of $35,000.00, payable to the County Bank, secured by a second deed of trust of the same date. The two deeds of trust cover the same property of the debtor, which consists of substantially all of the sewer system facilities. Such property is essential, necessary, and useful to the performance of the debtor's duties as a public utility. Both notes provided that payments would be extended over a five-year period.

Extension agreements were entered into by the debtor and the bank. By agreement, payment of the unpaid balances of the principal notes (in the amounts of $250,000.00 and $28,000.00) was extended to August 17, 1981.

On September 25, 1981, an involuntary petition was filed against Riverside, requesting an order for relief under Chapter 7 of the Bankruptcy Code. After extended hearings, the Court granted the petition and entered an order for relief. Upon the debtor's request, the case was converted to a reorganization proceeding under Chapter 11 as of November 25, 1981. The County Bank was not one of the petitioning creditors in the original involuntary proceeding.

This complaint for relief from the automatic stay was filed by the Bank on December 10, 1983. The specific request is that the Bank be allowed to foreclose its security interests against the debtor's real and personal property under the deeds of trust referred to above. After the operating trustee filed a responsive pleading and a motion for summary judgment, the Bank filed a second adversary complaint on February 22, 1983, requesting authorization to make application to the Public Service Commission for approval of the issuance of the notes and deeds of trust, which are the subject of this proceeding.

This memorandum will first address the trustee's motion for summary judgment. In summary, the trustee argues that the notes and deeds of trust are void as the result of the debtor's failure to obtain prior approval of the transactions from the Public Service Commission. The Bank argues that certain conclusions in a Public Service Commission Report and Order, number. 17,721, "... do constitute the approval of the Public Service Commission for the issuance of the notes and deeds of trust in question and that it has been so treated by both the Commission and Riverside." Supplemental

Statement of Plaintiff Bank, February 22, 1983, page two.[1]

Section 393.220 of the Missouri Annotated Statutes (Vernon 1983) provides that all notes or other evidence of indebtedness, payable at periods of more than twelve months after the date thereof, issued by a sewer corporation without an order from the Public Service Commission authorizing such issuance shall be void. Section 393.191 of the Missouri Annotated Statutes (Vernon 1983) provides that every mortgage or encumbrance issued by a sewer corporation in the absence of an order from the Public Service Commission authorizing the issuance shall be void, when the encumbrance covers the whole or any part of its sewer system which is necessary or useful in the performance of its duties to the public. However, in 1980 the legislature amended Section 393.220 by adding Subsection Seven, as follows:

> "Notwithstanding the other provisions of this section, the Commission can approve all issues of stocks, bonds, notes or other evidence of indebtedness ... which were issued without prior approval when it can be shown that the stocks, bonds, notes or other evidence or indebtedness were issued for the purposes authorized by Section 393.200, and where issued in good faith without knowledge of the requirements of obtaining prior approval."

The pleadings and other documents here clearly indicate that no application for approval was made by Riverside to the Public Service Commission prior to issuance of the notes or deeds of trust to County Bank, as is required by Rules Seven and Eight of the Rules of Practice and Procedure before the Public Service Commission, which were operational in 1974 and 1975 when the notes and deeds of trust were executed. Furthermore, the record indicates that the Public Service Commission did not specifically authorize the issuance of the notes and deeds of trust by Riverside, as is required by Rule 17 of the Rules of Practice and Procedure. Prior the 1980 amendment to Section 393.-220, the absence of an order expressing Public Service Commission approval of the issuance by a sewer corporation of a note or deed of trust caused any such note and deed of trust which was in fact issued without such approval to be void. The 1980 amendment, however, permitted retroactive approval of the issuance of stocks, bonds, notes or other evidence of indebtedness if certain conditions could be established. This provision has the effect of disturbing the absoluteness of the term "void" as it is applied to unapproved notes.

■ Therefore, this Court finds and concludes that as a result of the 1980 amendment to Section 393.220, and if such amendment applies to notes already existing when the amendment became effective, the Bank's notes here were not void but voidable when this bankruptcy case was commenced.

Although the Missouri Legislature has provided for after-the-fact approval of notes issued by a sewer company without prior approval, no such provision has been added to the statute which voids unapproved deeds of trust. The rationale behind this action is consistent with the supervisory and regulatory powers granted to the Public Service Commission. Sections 386.-250 and 386.320, Missouri Annotated Statutes (Vernon 1983). The general requirement is that a sewer company may not issue a note or deed of trust without prior approval by the Commission. If an unsecured note is issued in good faith for authorized purposes, without knowledge of the prior

---

1. This report and order were issued on May 13, 1974, in response to Riverside's application for an expansion of its existing Certificates of Public Convenience and Necessity. The following paragraph is included among the Commission's Findings of Fact:

> Applicant has loan commitments from Executive International Inns for $250,000.00 and from St. Louis County National Bank, Clayton, Missouri, for $300,000.00.

During earlier hearings in this bankruptcy case, there was considerable evidence to the effect that a great deal of the debtor's business was being conducted through the facilities of Executive International Inns. David Froesel, President and General Operating Manager of the debtor, is also the president and director of the company which owns the Executive International Inns.

approval requirement, the note may be approved by the Commission retroactively. However, an unapproved transfer of an interest in a sewer company's works or system may, upon foreclosure, result in the uncertified operation of the utility, or in an abrupt interruption of the service.

The inability of the Public Service Commission to validate an unapproved deed of trust was recognized in an early case which addressed this question. *Cooper County Bank v. Bank of Bunceton,* 221 Mo.App. 814, 288 S.W. 95, 99 (1926). Therefore, the deed of trust in this case is void.

The County Bank next argues that its deed of trust is in fact protected by the provision which allows retroactive approval at Section 393.220(7). The Bank's contention is that a mortgage is to be included in the definition of "other evidence of indebtedness," as set out in the statute. Extending the definition of this phrase to include mortgages is inconsistent with other provisions in the state law, and suggests an invasion of the law-making process which is reserved exclusively to the legislative branch of government. The Missouri Legislature amended Section 393.220 by providing for retroactive approval of notes and other evidences of indebtedness. However, it chose to continue the provision at Section 393.190, which absolutely voids a mortgage of public utility property without prior Commission approval.

■ It is generally accepted that one statute should not be construed so as to render another statute meaningless, unless the legislature has clearly expressed such an intention. State *ex rel., Columbia National Bank v. Davis,* 314 Mo. 373, 284 S.W. 464 (1926).

■ Moreover, the construction of Section 393.220 suggested by the County Bank is contrary to the principle of *ejusdem generis,* which provides that general words in a statute are restricted and explained by the specific terms. *Regan v. Ensley,* 283 Mo. 297, 222 S.W. 773, 776 (1920). *See also, State v. Lancaster,* 506 S.W.2d 403 (Mo. 1974) ("firecracker" not within definition of

"other kind of explosives"); *State v. Getty,* 273 S.W.2d 170 (1954) ("dog" not within meaning of "other domestic animals"). In the present case, there is no clearly expressed intent by the legislature to go beyond the class specifically mentioned in Section 393.220: "stocks, bonds and other evidence of indebtedness." Consequently, the phrase "other evidence of indebtedness" does not include deeds of trust. The debtor, then, does not enjoy the ability to request that the Public Service Commission retroactively approve the issuance of the deed of trust, which is void as the result of the absence of Commission approval prior to the grant of the deed.

Therefore, the clear language of the Statute must apply, and the deed of trust is void for want of approval. Pursuant to 11 U.S.C. § 544, the operating trustee may prosecute this action to avoid the lien. However, pursuant to 11 U.S.C. § 502, the Bank's claim based upon the notes is merely voidable and, in fact, may be allowed in this bankruptcy proceeding if the retroactive approval of the Public Service Commission is obtained. It would appear, then, that the question of the allowance of the Bank's debt as an unsecured claim will require a determination of the facts in light of the conditions set forth at Section 393.220(7). Although it is possible that the Bankruptcy Court might consider these conditions in deciding whether the claim may be allowed in the reorganization proceeding, the only basis for State-recognized retroactive approval is an order from the Public Service Commission. Therefore, the trustee's motion as to the avoidance of the deed of trust will be granted by separate order; and the question of the allowance of the debt as an unsecured claim will be considered in further hearings in these adversary proceedings.