v.

**COPY–RITE PRINTING AND OFFICE SUPPLY, INC., Respondent.**

**No. WD 58443.**

Missouri Court of Appeals,
Western District.

July 3, 2001.

**STATE of Missouri, Respondent,**

v.

**Billy Dale TURNER, Appellant.**

**No. WD 58581.**

Missouri Court of Appeals,
Western District.

July 10, 2001.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Connie Sullivan, Asst. Pros. Atty., Columbia, for respondent.

Before LOWENSTEIN, P.J., ULRICH, J. and HANNA, S.J.

ULRICH, Judge.

Billy Turner appeals his conviction following bench trial for peace disturbance, section 574.010, RSMo 2000, and suspended sentence of six months in the county jail. He contends that the trial court erred in overruling his motion for judgment of acquittal because insufficient evidence was presented to support the conviction. He also contends that the trial court erred in overruling his motion to dismiss because section 574.010 is unconstitutionally overbroad in regulating speech. The judgment of conviction is affirmed.

On the night of September 9, 1999, Margaret Patrick and her sister, Erin Patrick, were working at Midway USA in Boone County. At approximately 10:00 p.m., Margaret saw the appellant, Billy Turner, park his van behind her car, exit the vehicle, bend down beside her car, and then leave four or five minutes later. Margaret and her sister got off work at 10:30 p.m., and when they started to drive home in Margaret's car, they discovered that it had two flat tires. The two flat tires had been cut. They then "coasted" the car to the nearby truck stop.

At the truck stop, Erin attempted to put air in the flat tires, and Margaret went inside to call the police on a pay phone.

She called 911, and the 911 dispatcher asked her if she knew who slashed her tires. Margaret told the dispatcher that the person who had slashed her tires was standing in front her. Margaret was referring to the appellant, Billy Turner. At the time she told the dispatcher this, Mr. Turner was standing "close enough that [she] looked at him and he heard [her]." Mr. Turner was standing with Tom Nelson, his friend and Margaret's stepfather. In response to Margaret's telephone statement to the police, Mr. Turner yelled the address of where the police could find him.

Margaret completed her call to the police and hung up the phone. Mr. Turner then turned to Tom and said either, "Tom, I'm going to kill her,"[1] or "Tom, let's go, because I'm threatening to kill this black bitch."[2] Erin, Tom, Mr. Turner's girlfriend, and a security guard were present when Mr. Turner made the statement. Margaret testified that she was alarmed and scared by the threat. Immediately after the threat, Mr. Turner, his girlfriend, and Tom Nelson left. Margaret and Erin waited at the truck stop for the police to file a complaint. Soon after the incident, Mr. Turner was charged by amended information with one count of class A misdemeanor peace disturbance, section 574.010.

The case was tried to the court. At the close of the State's evidence, Mr. Turner moved to dismiss the case asserting that the peace disturbance statute under which he was charged violated the First Amendment of the United States Constitution. The trial court overruled the motion. The defense then introduced evidence that Mr. Turner did not threaten Margaret. At the close of all of the evidence, Mr. Turner renewed his motion to dismiss arguing that section 574.010 was unconstitutionally overbroad. He also argued that the evi-

dence was insufficient to support a conviction. The trial court again overruled Mr. Turner's motion and found him guilty of the offense. The trial court subsequently sentenced Mr. Turner to a suspended six-month sentence in the county jail and placed him on two years unsupervised probation. This appeal followed.

In his first point on appeal, Mr. Turner claims that the trial court erred in overruling his motion for judgment of acquittal because insufficient evidence was presented to support the conviction for peace disturbance. In a court-tried case, the sufficiency of the evidence is determined by the same standard as in a jury-tried case. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *State v. Chaney,* 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied,* 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). The evidence and all reasonable inferences drawn from the evidence are viewed in the light most favorable to the verdict, and any contrary evidence and inferences are disregarded. *Id.* Great deference is given to the trier of fact. *Id.*

 A person commits the crime of peace disturbance if he unreasonably or knowingly disturbs or alarms another person or persons by threatening to commit a felonious act against any person under circumstances which are likely to cause a reasonable person to fear that such threat may be carried out. § 574.010.1(1)(c), RSMo 2000. Mr. Turner first contends that insufficient evidence was presented to

---

1. Margaret's testimony

2. Erin's testimony

establish that the alleged threat to kill Margaret was made under circumstances likely to cause a reasonable person to fear that such threat might be carried out. Additionally, he argues that insufficient evidence was presented that he knew that his comment would disturb Margaret. The mental element of a defendant's knowledge may be proved by direct evidence and reasonable inferences drawn from the circumstances surrounding the incident. *State v. Riggs*, 2 S.W.3d 867, 873 (Mo.App. W.D.1999). A defendant's mental state may be determined from evidence of the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct. *State v. Hineman*, 14 S.W.3d 924, 927–928 (Mo. banc 1999).

■ The circumstances surrounding Mr. Turner's threat to kill Margaret were likely to cause a reasonable person to fear that such threat might be carried out. Shortly before the threat, Margaret observed Mr. Turner bending down by her car. She then found that two of her tires had been slashed, and she believed Mr. Turner had done it. Margaret called 911 to report the incident, and she knew that Mr. Turner heard her tell the police that he slashed her tires. Believing that Mr. Turner had slashed her tires and knowing that he heard her report that to the police, Margaret feared that Mr. Turner's threat to kill her might be carried out. Such circumstances surrounding the threat also established that Mr. Turner unreasonably or knowingly disturbed or alarmed Margaret. Sufficient evidence was, therefore, presented from which a reasonable trier of fact could find that Mr. Turner unreasonably or knowingly disturbed or alarmed Margaret and that his apparent conduct and his threatening statement in Margaret's presence were likely to cause a reasonable person to fear that Mr. Turner might carry out his threat. The evidence supported the court's finding that Mr. Turner was guilty of peace disturbance beyond a reasonable doubt. The trial court did not err in overruling his motion for judgment of acquittal. Point one is denied.

■ In his second point on appeal, Mr. Turner claims that the trial court erred in overruling his motion to dismiss. He asserts that section 574.010, under which he was convicted, criminalizes otherwise constitutionally protected speech in violation of Amendments I, V, and XIV of the United State Constitution and Article I, Sections 8 and 10 of the Missouri Constitution.

■ Whether this court has jurisdiction to decide Mr. Turner's constitutional challenge must first be determined. The Missouri Supreme Court has exclusive appellate jurisdiction in cases involving the validity of a statute of this state. Mo. Const. art. V, § 3; *State v. Sullivan*, 935 S.W.2d 747, 754 (Mo.App. S.D.1996). Transfer to the Supreme Court, however, is not required unless the defendant has properly preserved the constitutional issue for review by raising it at the earliest possible moment consistent with good pleading and orderly procedure and has further preserved it in his motion for new trial. *State v.. Wickizer*, 583 S.W.2d 519, 523 (Mo. banc 1979); *State v. Bowens*, 964 S.W.2d 232, 236 (Mo.App. E.D.1998); *Sullivan*, 935 S.W.2d at 754; *State v. Danforth*, 654 S.W.2d 912, 917 (Mo.App. W.D.1983). Rule 24.04 prescribes the proper time to raise such fundamental questions as the constitutionality of statutes upon which prosecutions are based. *Danforth*, 654 S.W.2d at 918. It provides in pertinent part:

Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The

motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

Rule 24.04(b)(2).

In this case, Mr. Turner first challenged the constitutionality of section 574.010 in his motion to dismiss at the close of the State's case. Mr. Turner failed to raise the issue at the earliest opportunity consistent with good pleading and orderly procedure, and he did not seek specific relief from this waiver under Rule 24.04. Mr. Turner's motion to dismiss at the close of the State's case was not timely and did not properly preserve the question for review. *See Danforth,* 654 S.W.2d at 918 (where defendant, who was challenging the constitutionality of the statute under which she was charged, first raised the issue in a motion for judgment of acquittal at the close of the State's evidence, the motion was not timely and did not preserve the constitutional issue for review). Because this issue was not preserved for review, transfer to the Missouri Supreme Court is not necessary. Point two is denied.

The judgment of conviction is affirmed.

LOWENSTEIN, J. and HANNA, S.J. concur.