**STATE of Missouri, Respondent,**

v.

**Johnnie WILLIAM, Appellant.**

**No. WD 60776.**

Missouri Court of Appeals,
Western District.

Jan. 28, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 27, 2003.

Application for Transfer Denied
April 22, 2003.

Kent Denzel, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, III, Sara L. Trower, Jefferson City, MO, for Respondent.

Before: PAUL M. SPINDEN, P.J., PATRICIA A. BRECKENRIDGE and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Johnnie William appeals his conviction and sentence for possession of a dangerous item of personal property on the premises of a correctional institution pursuant to § 217.360.[1] We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. William was charged by information, in substitute and in lieu of indictment, with the felony of "possession of a dangerous item of personal property about the premises of a correctional institution of the [M]issouri [D]epartment of [C]orrections" under § 217.360.

Mr. William was incarcerated in the Jefferson City Correctional Center (JCCC) after he was convicted for crimes unrelated to this matter (armed robbery and felonious escape from the county jail). At the JCCC, it is the policy of the institution to randomly monitor the phone calls made by the inmates. Pursuant to this policy, on December 28, 2000, Mona Jackson, a correction officer at the JCCC, was monitoring a call between Mr. William and Monica Avery. In his approved visitors' record kept by the JCCC, Mr. William had listed Ms. Avery as his "significant other." During this phone call, Mr. William stated that he knew a canteen employee who had brought him numerous unidentified items.

On the basis of this information, correction officers searched Mr. William's cell. During this search, a cellular phone was found inside some plastic gloves. After this phone was discovered, it was examined and a determination was made that it was operational. An additional search was conducted in Mr. William's cell, where a phone charger was found in his footlocker.

During the jury trial, several individuals employed by the Missouri Department of Corrections testified. The substance of this testimony was that a cell phone within the correctional institution posed a security threat because there was no way for the institution to monitor any calls made on such a phone. During these phone calls, an inmate could attempt to procure contraband, plan an escape from the institution, or plan an assault on a correction officer.

Mr. William took the stand in his own defense. During his testimony, he admitted to possessing the cellular phone.

At the close of all the evidence, Mr. William made a Motion of Acquittal, which the trial court overruled. Mr. William was found guilty of the charge and was sen-

1. All statutory references are to RSMo 2000, unless otherwise indicated.

tenced as a prior and persistent offender to five years imprisonment.

Mr. William presents two points on appeal. In his first point, it is argued that "the trial court plainly erred in submitting the charge of possessing a cell phone in a correctional center, because § 217.360.1(4) violates the void for vagueness doctrine ... in that the statute does not give fair and adequate notice of the proscribed conduct because a cell phone is not inherently dangerous." In his second point, Mr. William argues that the trial court erred in denying his motion for judgment of acquittal because "the evidence was insufficient to establish Mr. William's guilt beyond a reasonable doubt because the jury could not have reached a 'subjective state of near certitude' that a cell phone could endanger the safety or security of the correctional facility" under § 217.360.1(4).

## II. LEGAL ANALYSIS

### A. Constitutionality of § 217.360.1(4) As Applied to Mr. William's Case

▮ In Point I, Mr. William argues that "the trial court plainly erred in submitting the charge of possessing a cell phone in a correctional center, because § 217.360.1(4) violates the void for vagueness doctrine ... in that the statute does not give fair and adequate notice of the proscribed conduct because a cell phone is not inherently dangerous ... and because the statute allows arbitrary and discriminatory enforcement." In response to this argument, it is the State's contention that Mr. William waived this argument by failing to raise it at the earliest opportunity before the trial court. "Constitutional violations are waived if not raised at the earliest possible opportunity." *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 224 (Mo. banc 1998). In the context of a criminal proceeding, "Rule 24.04 prescribes the proper time to raise such fundamental questions as the constitutionality of statutes upon which prosecutions are based." *State v. Turner*, 48 S.W.3d 693, 696 (Mo.App. W.D.2001). That rule provides, in pertinent part, as follows:

> Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

Rule 24.04(b)(2).

Neither party disputes that Mr. William brings his constitutional challenge for the first time on appeal. Because Mr. William "failed to raise the issue at the earliest opportunity consistent with good pleading and orderly procedure, and he did not seek specific relief from this waiver under Rule 24.04," this argument is not preserved for appeal. *Turner*, 48 S.W.3d at 697 (finding that defendant, who failed to raise constitutionality of the statute under which he was charged until motion to dismiss at the close of the State's case "did not properly preserve the question for review"); *see also State v. Danforth*, 654 S.W.2d 912, 917–18 (Mo.App. W.D.1983) (where that defendant, who was challenging the constitutionality of the statute under which she was charged, first raised the issue in a motion for judgment of acquittal at the close of the State's evidence, the motion was not timely and did not preserve the constitutionality issue for review). Point One denied.

### B. Motion for Judgment of Acquittal

▮ In Point II, Mr. William asserts that the trial court erred in denying his

motion for judgment of acquittal because "the evidence was insufficient to establish Mr. William's guilt beyond a reasonable doubt because the jury could not have reached a 'subjective state of near certitude' that a cell phone could endanger the safety or security of the correctional facility" under § 217.360.1(4). "In reviewing the sufficiency of the evidence, we consider the evidence and all inferences reasonably drawn therefrom in a light most favorable to the verdict, disregarding evidence and inferences that are contrary to a finding of guilt." *State v. Bruce,* 53 S.W.3d 195, 198 (Mo.App. W.D.2001). When reviewing the sufficiency of the evidence, this court concerns itself only with determining whether the State produced substantial evidence from which a reasonable jury might have found Mr. William guilty beyond a reasonable doubt. *Id.* "Substantial evidence is evidence from which the trier of fact could reasonably find the issue in harmony with the verdict." *Id.* (citations omitted).

 Although somewhat inartfully presented, the thrust of Mr. William's argument is that the trial court erred in denying Mr. William's Motion for Judgment of Acquittal because possessing a cellular phone is not conduct that the legislature intended to punish under § 217.360.1(4). Rule 27.07(a) provides that "[t]he court on motion of a defendant … shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." An essential element of any criminal conviction is that the conduct, which a defendant is accused of engaging in, must fall within the confines of the conduct prohibited by the statute charged in the indictment or information. *See generally, State v. Lancaster,* 506 S.W.2d 403 (Mo.1974). When

making this aforementioned determination, while we need not dispense with common sense or ignore any evident statutory purpose, "appellate courts strictly construe criminal statutes against the state and resolve any ambiguities in favor of the defendant in a criminal case." *State v. Silvey,* 980 S.W.2d 103, 107 (Mo.App. S.D.1998) (citing *State v. Knapp,* 843 S.W.2d 345, 347 (Mo. banc 1992)).

At trial, the parties did not dispute Mr. William's accused conduct. During a search of Mr. William's prison cell, a cellular phone was found by a correction officer; and, at that time, Mr. William admitted (and he has never denied) that the phone was in his knowing possession. The statute that Mr. William was charged of violating, § 217.360.1(4), states as follows:

1. It shall be an offense for any person to knowingly … have in his possession, deposit or conceal in or about the premises of any correctional center:

\* \* \*

(4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional center or as to endanger the life or limb of any offender or employee of such a center.

Accordingly, to be found guilty under § 217.360.1(4), it must be demonstrated that the defendant "(1) knowingly possessed, deposited or concealed in or about the premises of the Jefferson City correctional center (2) a weapon or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional center or as to endanger the life or limb of any offender or employee of the center." *Ross v. State,* 48 S.W.3d 667, 670 (Mo.App. W.D.2001).

There can be no doubt that the State produced evidence sufficient to establish that Mr. William's telephone "may be used in such manner as to endanger the safety or security of the correctional center or as to endanger the life or limb of any offender or employee of such a center." § 217.360.1(4). Several correction officers testified as to how a cellular phone could jeopardize the security of the institution through aiding such activities as procuring contraband, escaping the institution, or assaulting a corrections officer.

■■■■■ Therefore, that leaves us with the question of whether a cellular phone falls within the category of "[a]ny gun, knife, weapon, or other article or item of personal property." *Id.* Because a cellular phone clearly cannot be considered a "gun," "knife," or "weapon," we must determine whether the legislature intended that it fit within the phrase "other article or item of personal property." In making this determination, we are guided by a fundamental tenet of statutory construction, *ejusdem generis*, which provides that where general words follow specific words, the general are construed to include only objects similar in nature to those enumerated specifically. *Lancaster*, 506 S.W.2d at 405; *Vocational Servs., Inc. v. Developmental Disabilities Res. Bd.*, 5 S.W.3d 625, 630–31 (Mo.App. W.D.1999).

In *Lancaster*, the Supreme Court of Missouri was presented with the question of whether a defendant could be found guilty of violating § 560.400 RSMo 1969, by placing and igniting a M–80 firecracker in the coin return slot of a pay telephone. 506 S.W.2d at 404. The statute in question prohibited the destruction of private property through the "use of bombs, dynamite, nitroglycerine or other kind of explosives." *Id.* Accordingly, the sole question before the Court was found to be "whether the words 'or other kind of explosives,' as used in § 560.400 includes a firecracker."

*Id.* In finding that it did not, the Supreme Court applied the statutory construction principles of *ejusdem generis*, and reasoned that "[t]here is no question that a firecracker is an 'explosive' in that it produces an explosion when ignited, but it is not a 'high explosive,' and it was not designed to produce an extreme shattering effect." *Id.* at 405. Accordingly, the Court concluded "that the Legislature did not intend to include a firecracker within the term 'other kind of explosives' as it is used in § 560.400," and, therefore, reversed the defendant's conviction under the statute. *Id.*

Like in *Lancaster*, Mr. William was charged with violating the "catch-all provision" of the statute in question, which prohibits the possession of any "other article or item of personal property." § 217.360.1(4). Section 217.360.1(4) specifically prohibits "[a]ny gun, knife, [or] weapon." Strictly construing the statute and applying the rule of *ejusdem generis*, it is clear that a cellular telephone and charger do not fit within the general prohibition of the statute. They are of a wholly different category than guns, knives, and weapons. Unlike a cell phone, guns, knives and weapons are of themselves inherently dangerous.

The State attempts to bootstrap the nature of cell phones to the level of danger posed by guns, knives and weapons by demonstrating how cell phones can be used for dastardly purposes. As previously mentioned, the State notes that cell phones could be used to facilitate attempts to escape, exchanges of contraband, and assaults on those working and residing at the facility. This same argument could be applied to almost any object which may be used in a manner to endanger others or raise safety concerns. For example, any inmate possessing a match would be guilty under the statute because a match has the potential to be used to start a fire. Be

that as it may, it cannot obviate the fact that the State may not apply a criminal statute in such a way as to punish the possession of something that does not fall within the statute's ban. *Lancaster,* 506 S.W.2d at 404–05.

It follows then that we find the trial court's denial of Mr. William's Motion of Judgment of Acquittal was error because there was insufficient evidence to prove that he was guilty of violating § 217.360.1(4). *See Bruce,* 53 S.W.3d at 198.

### III. CONCLUSION

After reviewing the record on appeal, we reverse Mr. William's conviction and sentence.

PAUL M. SPINDEN, P.J. and PATRICIA A. BRECKENRIDGE, J. concur.