

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| RICHARD SIMMONS, | ) | No. ED99128 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Kenneth Pratte |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 4, 2014 |

Richard Simmons ("Movant") appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm.

## I. BACKGROUND

On or about August 14, 2009, Movant was an inmate at the Department of Corrections' ("DOC") Eastern Reception Diagnostic Correction Center ("Correction Center"). On that date, Correction Center personnel entered Movant's jail cell, which Movant shared with another inmate. After Correction Center personnel found a prison-made stabbing weapon wrapped in toilet paper located in the trashcan, Correction Center personnel proceeded to search Movant's body and found a cigarette lighter in Movant's pants pocket.

On August 2, 2010, the St. Francois County Prosecutor charged Movant with the class B felony of concealing a prison-made stabbing weapon in or around a DOC

correctional facility, in violation of Section 217.360. Thereafter, on February 18, 2011, pursuant to a plea agreement, Movant plead guilty to the class B felony of concealing a cigarette lighter in or around a DOC correctional facility in violation of Section 217.360. The plea court sentenced Movant to a term of 10 years' imprisonment.

On July 11, 2011, Movant timely filed his *pro se* Rule 24.035 motion for post-conviction relief, and an amended motion was subsequently filed. In Movant's motion for post-conviction relief, Movant argues the plea court was without a factual basis to enter Movant's guilty plea. The motion court denied Movant's Rule 24.035 motion for post-conviction relief, without an evidentiary hearing, finding that a factual basis for the pleas was established and Movant understood the nature of the charges against him.

This appeal follows.

## II. DISCUSSION

In Movant's sole point on appeal, Movant argues the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because the factual basis was insufficient to support his guilty plea, thereby violating his rights afforded to him under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Missouri Constitution. Specifically, Movant contends the plea court accepted Movant's plea of guilty without an adequate factual basis having been demonstrated for the class B felony of delivering or concealing prohibited articles on the premises of the department of corrections, in violation of Section 217.360.1(4) ("Class B Felony"), because the facts of the case allegedly only demonstrate that Movant was guilty of the class A misdemeanor of delivering or concealing prohibited articles on the

2

premises of the department of corrections, in violation of Section 217.360.1(3) ("Class A Misdemeanor").

## *Standard of Review*

"Appellate review of the motion court's action on a motion filed under Rule 24.035 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." Wood v. State, 853 S.W.2d 369, 370 (Mo. App. E.D. 1993); see also Rule 24.035(k). The motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves this Court with a "definite and firm impression that a mistake has been made." Cobb v. State, 787 S.W.2d 317, 318 (Mo. App. E.D. 1990). A movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. See Rule 24.035(i); see also Barnes v. State, 385 S.W.3d 517, 522 (Mo. App. S.D. 2012). This burden is a heavy one as the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including a movant's testimony, and, as such, this Court grants deference to the motion court's credibility determinations. Barnes, 385 S.W.3d at 522.

Furthermore, no hearing is required if the record of the case "conclusively shows that the movant is entitled to no relief." Martin v. State, 187 S.W.3d 335, 339 (Mo. App. E.D. 2006). Rather, a movant is only entitled to an evidentiary hearing if: (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. Jackson v. State, 366 S.W.3d 656, 659 (Mo. App. E.D. 2012).

## *Analysis*

The thrust of Movant's argument is that the plea court entered judgment on his plea of guilty to the Class B Felony without a factual basis because an element of the Class B Felony was deficient—specifically, that Movant's possession of a cigarette lighter does not fall within the category of "any gun, knife, weapon, or other article or item of personal property that may be used in such a manner as to endanger the safety or security" of the correctional center. Section 217.360.1(4). Movant contends that the possession of a cigarette lighter, without more, only demonstrates that Movant was guilty of the Class A Misdemeanor, pursuant to Section 217.360.1(3).

## A. Establishing a Factual Basis for the Plea

Rule 24.02 sets forth the procedure a plea court must follow for pleas in felony and misdemeanor cases. Saffold v. State, 982 S.W.2d 749, 753 (Mo. App. W.D. 1998); see, generally, Rule 24.02. Pursuant to Rule 24.02(e), the plea court is prohibited from entering a judgment upon a plea "unless it determines that there is a factual basis for the plea." Rule 24.02(e). "A factual basis exists if the defendant understands the facts presented at the guilty-plea proceeding and those facts establish the commission of the charged crime." State v. Taylor, 929 S.W.2d 209, 217 (Mo. 1996). The factual basis does not have to be established by the defendant's words or by an admission of the facts as recited by the State, but rather, may be established on the record as a whole. Kennell v. State, 209 S.W.3d 504, 506 (Mo. App. E.D. 2006). However, the defendant should express "an awareness of the nature and elements of the charge to which he or she pleads guilty." DeClue v. State, 3 S.W.3d 395, 397 (Mo. App. E.D. 1999) (quoting Vann v. State, 959 S.W.2d 131, 134 (Mo. App. S.D. 1998)). Accordingly, so long as the defendant understands the nature of the charge, there is no requirement that every

4

element of a crime to which a defendant pleads guilty be explained. <u>Wagoner v. State</u>, 240 S.W.3d 159, 165 (Mo. App. S.D. 2007) ("An appellate court's focus is on whether the defendant understood the nature of the charge against him and not on whether a particular ritual was followed or every detail was explained.").

Furthermore, the plea itself forms a factual basis for the guilty plea "[i]f the plea of guilty is voluntarily and understandingly made and unequivocal as to the factual requisites necessary to establish each element of an offense." <u>State v. Shafer</u>, 969 S.W.2d 719, 734 (Mo. banc 1998). That is, by pleading guilty, a movant "waives all errors except for those affecting the voluntariness or understanding with which the plea was made." <u>Saffold</u>, 982 S.W.2d at 753.

This factual basis requirement for a guilty plea is mandated "to ensure that the guilty plea was *intelligently and voluntarily entered*, thereby satisfying due process requirements." <u>Chipman v. State</u>, 274 S.W.3d 468, 471-72 (Mo. App. S.D. 2008) (emphasis added) (quoting <u>State v. Henry</u>, 88 S.W.3d 451, 457 (Mo. App. W.D. 2002)); <u>see</u> <u>also</u> <u>Price v. State</u>, 137 S.W.3d 538, 541 (Mo. App. S.D. 2004) ("Rule 24.02(e) is not constitutionally based; rather, its purpose is to *aid* in the constitutionally required *determination* that a defendant enter his or her plea of guilty intelligently and voluntarily.") (emphasis in original). Rule 24.02 is "designed to protect an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge. <u>Orr v. State</u>, 179 S.W.3d 328, 329 (Mo. App. S.D. 2005).

*B. A Sufficient Factual Basis for Movant's Plea Exists*

The statutory language of the criminal offense to which Movant pled guilty, Section 217.360, in relevant part, reads as follows:

1. It shall be an offense for any person to knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any correctional center, or city or county jail, or private prison or jail:

   ***

   (3) Any article or item of personal property which an offender is prohibited by law or by rule and regulation of the division from receiving or possessing;

   (4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional center, or city or county jail, or private prison or jail or as to endanger the life or limb of any offender or employee of such a center.

2. . . . the violation of subdivision (3) of subsection 1 of this section shall be a class A misdemeanor; and the violation of subdivision (4) of subsection 1 of this section shall be a class B felony. . . .

To be charged and found guilty of violating the Class A Misdemeanor under subdivision (3) of Section 217.360.1, the State must establish the following two elements: (1) the violator knowingly possessed, deposited or concealed in or about the premises of a correctional center (2) any article or item of personal property which an offender is prohibited by law and regulation of the division from receiving or possessing. See Section 217.360.1(3); see also MAI-CR3d 329.102, Notes On Use 6.

To be charged and found guilty of violating the Class B Felony under subdivision (4) of Section 217.360.1, the State must establish the following two elements: (1) the violator knowingly possessed, deposited or concealed in or about the premises of a correctional center (2) any gun, knife, weapon, or other article of personal property that may be used in such a manner as to endanger the safety or security of the correctional

6

center or as to endanger the life or limb of any offender or employee of such a center. See Section 217.360.1(4); see also Ross v. State, 48 S.W.3d 667, 670 (Mo. App. W.D. 2001).

Axiomatically, possessing or concealing "[a]ny gun, knife, weapon, or other article of personal property that may be used in such a manner as to endanger the safety or security of the correctional center . . . or as to endanger the life or limb of any offender or employee of such a center[,]" Section 217.360.1(4), would also include "[a]ny article or item of personal property which an offender is prohibited by law and regulation of the division from receiving or possessing[,]" Section 217.360.1(3). Thus, an offense under subdivision (3) of Section 217.360.1 would be a lesser-included offense of a conviction under subdivision (4) of the same section as "it is impossible to commit the charged offense [i.e., 217.360.1(4)] without necessarily committing the lesser [i.e., 217.360.1(3)]." State v. Whiteley, 184 S.W.3d 620, 623 (Mo. App. S.D. 2006); see also Becker v. State, 260 S.W.3d 905, 908 (Mo. App. E.D. 2008) (quoting in part Section 556.046.1(1)) ("An offense qualifies as a lesser-included offense when '[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]'").

In this case, the Substitute Information charged Movant with "knowingly conceal[ing] a lighter, in or about the premises of . . . a correctional facility[,]" in violation of subdivision (4) of Section 217.360.1.[1] See Section 217.360.1(4). During Movant's plea the court conducted a comprehensive inquiry of Movant's guilt and

---

[1] While the Substitute Information does not explicitly refer to Section 217.360.1(4), the Substitute Information does charge Movant with committing "the class B felony of delivering or concealing prohibited articles on premises of the department of corrections." Pursuant to Section 217.360.2, only a violation of 217.360.1(4) can constitute a class B Felony. See Section 217.360.2 (". . . the violation of subdivision (4) of subsection 1 of this section shall be a class B felony.").

7

understanding of the charged crime. Movant admitted that he fully understood the charges filed against him, his right to a trial by jury, and verified his approval of plea counsel's conduct and work on Movant's behalf. Furthermore, Movant confessed to his understanding that he was charged with a class B felony, and admitted his guilt to "the class B felony of delivering or concealing prohibited articles on premises of the Department of Corrections[.]"

Here, while Movant does not dispute or contest the conduct charged (i.e., possessing a lighter), Movant does dispute that the facts of the case establish a factual basis for the crime charged pursuant to Section 217.360.1(4). Movant claims that he did not understand one of the key elements of the Class B Felony and that the statement he gave in support of his plea did not factually establish his guilt.

For support, Movant directs this Court's attention to State v. William, 100 S.W.3d 828 (Mo. App. W.D. 2003). In William, the defendant possessed a cell phone while in the confines of a correctional center. Id. at 830. After a trial by jury, the defendant was found guilty under Section 217.360.1(4). Id. at 831. On appeal, the defendant sought relief arguing the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt because the jury could not have reached a "subjective state of near certitude" that a cell phone could endanger the safety or security of the correctional center under Section 217.360.1(4). Id.

The Missouri Court of Appeals, Western District, found that the State produced sufficient evidence to establish that the cell phone may be used in such a manner as to endanger the safety or security of the correctional center. Id. at 833. However, guided by the "fundamental tenet" of statutory construction, *ejusdem generic*, that court held that

the Missouri Legislature did not intend for a cell phone to fall within the category of "[a]ny gun, knife, weapon, or other article or item of personal property." Id. In reversing the defendant's conviction, the William's court reasoned that "[u]nlike a cell phone, guns, knifes, and weapons are of themselves inherently dangerous[,]" and concluded that while almost any object may be used in such a manner to endanger others or raise safety concerns, the State was prohibited from applying a criminal statute in such a way as to punish the possession of something that does not fall within the statute's ban. Id. at 833-34 ("For example, any inmate possessing a match would be guilty under the statute because a match has the potential to be used to start a fire.").

Less than a decade later, in State v. McCabe, 345 S.W.3d 311 (Mo. App. W.D. 2011), the Western District was again confronted with a similar set of facts. In McCabe, the defendant possessed an altered shower drain cover while in the confines of a correctional center. Id. at 313-14. After a trial by jury, the defendant was found guilty under Section 217.360.1(4). Id. at 314. On appeal, the defendant sought relief arguing the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt because the altered shower drain cover was not "inherently dangerous" and the manner in which the altered shower drain cover was "being used" did not endanger the safety or security of the jail. Id.

In affirming the defendant's conviction, the McCabe court held that Section 216.370.1(4) does not require the State to prove that the article was "inherently dangerous," nor does that statute require the State to prove that the article was a "dangerous instrument." Id. at 316. That court reasoned "the jurors could determine for themselves the potential manner or use and 'dangerousness' of the altered object." Id. at

9

317. Furthermore, in distinguishing William, the McCabe court concluded that an *altered* shower drain cover is not the same as an *unaltered* cell phone, and, thus, an *altered* shower drain cover "falls within the broad, 'catch-all' language" of Section 217.360.1(4). Id. at 316.

While both William and McCabe are instructive, they are not directly on point. William and McCabe involved defendants challenging, on direct appeal, the sufficiency of the evidence after convictions by juries. Here, Movant challenges the factual basis of his plea in a Rule 24.035 motion for post-conviction relief. The distinction is significant. Challenging the sufficiency of the evidence on direct appeal, this Court's review is "limited to determining whether or not the state presented sufficient evidence from which a *reasonable juror* could have found the defendant guilty beyond a reasonable doubt." State v. Davis, 226 S.W.3d 927, 929 (Mo. App. W.D. 2007) (emphasis added). Conversely, on appeal from the denial of a Rule 24.035 motion for post-conviction relief premised upon an insufficient factual basis, this Court's review is "limited to a determination of whether the findings and conclusions of the *motion court* are *clearly erroneous*." Wood v. State, 853 S.W.2d 369, 370 (Mo. App. E.D. 1993) (emphasis added); see also Rule 24.035(k).

Movant voluntarily elected to waive his right to a trial by jury and proceeded to plead guilty to the charged crime. Thus, we do not determine whether a *reasonable jury* would have found Movant guilty, but, rather, we determine whether the findings and conclusions of the motion court are clearly erroneous. In relevant part, the motion court's findings and conclusions state the following:

> Clearly both William and McCabe are distinguished from the case at bar because in those cases the sufficiency of the evidence of the defendant's

10

guilt, and the required mental state, was at issue[,] where in the case at bar Movant admitted guilt. Moreover, taking the holding in McCabe at face value, it appears that were Movant put to trial the potential manner or use and dangerousness of the object would be a question for the jury to consider. [McCabe, 345 S.W.3d at 317]. It is clear to this Court that a cigarette lighter would have the potential[,] even greater than a single match[,] to endanger the safety or security of the correctional institution.

In the view of the Court, the facts admitted by Movant are sufficient to render him guilty as charged. After reviewing the record the Court must conclude this claim is without merit.

On appeal, Movant has alleged only conclusions, not facts, that his lighter was not within the confines of Section 217.360.1(4). Jackson, 366 S.W.3d at 659. We agree with the motion court and find that, after a review of the entire record, there is no definite and firm impression that a mistake has been made. Mackley v. State, 331 S.W.3d 733, 734. We cannot hold that the motion court clearly erred in finding that Movant's possession of a lighter endangered the safety or security of the correctional center or endangered the life or limb of others. Section 217.360.1(4). Without dispute, lighters may endanger others or raise safety concerns as they may be used, for example, to start fires or melt plastic and metals to create sharp instruments. See, e.g., Zitter v. Bottoms, 2013 WL 4710328, *2 (Ky. App. Aug. 30, 2013) ("It is not unreasonable to construe a lighter as dangerous in a prison environment where fires can be devastating. They can create opportunities both for escape and for risk of bodily harm to inmates, staff and emergency responders."); McGrew v. Boyd Cnty., 2013 WL 5234332, *2 n.2 (E.D. Ky. Sept. 17, 2013) ("The Kentucky Court of Appeals has recently determined that an inmate who possesses a cigarette lighter in a jail or detention facility possesses 'dangerous contraband.'").

11

Therefore, having intelligently and voluntarily pled guilty to the charged crime pursuant to Section 217.360.1(4) and finding the motion court's conclusions were not clearly erroneous, Movant is not now entitled to a "second bite of the apple" or the opportunity to cast his luck with a jury. By pleading guilty, Movant admitted to the facts of the crime so charged, conceded his right to proceed to trial and, at the very least, request a jury instruction for the lesser included offense under Section 217.360.1(3). Movant has already rolled his dice.

This assignment of error is denied.

### III.  CONCLUSION

For the foregoing reasons, the motion court's judgment is affirmed.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs

12