

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| LAMARCUS STEPHENSON, | ) | No. ED101344 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable John J. Riley |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 21, 2015 |

The movant, Lamarcus Stephenson, appeals the motion court's order denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Following the movant's plea of guilty, the Circuit Court of the City of St. Louis entered judgment against the movant on one count of first-degree assault, in violation of section 565.050 RSMo. (2000), and one count of armed criminal action, in violation of section 571.015.[1] Because we hold that the factual basis for the movant's guilty plea failed to establish the elements of the offense of armed criminal action as a matter of law, we reverse the motion court's judgment denying post-conviction relief. We remand the cause to the motion court with instructions to vacate the movant's conviction on the charge of armed criminal action only.

On the afternoon of April 30, 2011, the movant encountered the victim, Kahil Spann, outside a store in the City of St. Louis. A dispute ensued. The movant chased Mr. Spann into the store, and knocked him to the floor. When Mr. Spann fell, the movant began jumping up and

---

[1] All statutory references are to RSMo. (2000).

down on Mr. Spann's head, kicking him, and hitting him repeatedly. The attack rendered Mr. Spann comatose, and he remained in a coma at the time of the movant's plea and sentencing.

The State charged the movant with one count of first-degree assault, in violation of section 565.050, and one count of armed criminal action, in violation of section 571.015. The State charged that the movant committed first-degree assault when he "repeatedly struck Kahil Spann with [his] hands and feet." The State charged the movant with armed criminal action for committing the first-degree assault "by, with and through, the knowing use, assistance and aid of a dangerous instrument." At the plea hearing, the movant acknowledged that he chased Mr. Spann, and when Mr. Spann fell, the movant jumped up and down on his head, and kicked and hit him repeatedly. The plea court accepted the movant's guilty plea, and sentenced him to 28 years of imprisonment for the first-degree assault and to a consecutive term of ten years of imprisonment for the armed criminal action.

The movant sought post-conviction relief on the charge of armed criminal action. The motion court denied relief without an evidentiary hearing, and the movant appeals.[2] Our review of a motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005); *Simmons v. State*, 429 S.W.3d 464, 466 (Mo. App. E.D. 2014). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Worthington*, 166 S.W.3d at 572; *Simmons*, 429 S.W.3d at 466.

The movant claims the motion court clearly erred when it denied his motion for post-conviction relief because there was no factual basis that the movant committed the charged offense of armed criminal action, thus rendering his guilty plea involuntary, unknowing, and

---

[2] The movant did not seek post-conviction relief regarding his conviction for first-degree assault.

2

unintelligent. He contends that the facts adduced at the plea hearing were insufficient to establish that he committed armed criminal action as charged "by, with and through, the knowing use, assistance and aid of a dangerous instrument" (as punctuated in MACH-CR 32.02) when he committed first-degree assault by striking the victim with his hands and feet. The State in its brief on appeal acknowledges that hands and feet do not, as a matter of law, constitute a "dangerous instrument" for purposes of committing armed criminal action.

Missouri Supreme Court Rule 24.02 sets forth the procedure a court must follow for pleas in felony and misdemeanor cases. *Id.* at 467. Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." A factual basis exists when the defendant understands the facts presented at the plea proceeding, and those facts establish the commission of the charged crime. *Id.* at 467. The rules mandate a factual basis for a guilty plea to ensure that the guilty plea was entered intelligently and voluntarily, thereby satisfying due-process requirements." *Id.* Rule 24.02 protects an accused who may appear to plead voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge. *Id.* at 468.

Section 571.015.1 provides that a person commits the felony of armed criminal action when he commits another felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." "Dangerous instrument" is defined as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury[.]" Section 556.061(9).

Here, the State charged the movant with using a dangerous instrument to assault Mr. Spann, namely the movant's hands and feet. This Court recently determined that the plain

3

meaning of the words "instrument, article or substance" used in section 556.061(9) does not include a part of a person's body. *State v. Murphy*, 443 S.W.3d 721, 725 (Mo. App. E.D. 2014). This interpretation is consistent with the historical intent and use of the armed-criminal-action statute, and is consistent with other cases applying the term "dangerous instrument." *Id.* "[A] reasoned and common-sense reading of the terms 'instrument, article or substance' from the definition of 'dangerous instrument' indicate an external object or item, rather than a part of a person's body." *State v. Evans*, No. ED100110, 2014 WL 4832217, at *5 (Mo. App. E.D. Sept. 30, 2014). The most relevant dictionary definition identifies "instrument" as "a tool or implement, esp[ecially] one for delicate or scientific work." *Id.* (quoting The Oxford College Dictionary 701 (2d ed. 2007)). In ordinary language, then, hands, feet, or other body parts are not commonly referred to as instruments, articles, or substances. *Id.* "Thus, a plain and ordinary reading of the terms instrument, article, and substance do not indicate a body part." *Id.*

The evidence that the State would adduce had the movant gone to trial showed that the movant repeatedly struck the victim with his hands and feet. Specifically, the movant chased the victim into the store, and when the victim fell to the floor, the movant "began jumping up and down on his head, kicking him and hitting him repeatedly." The State identified no evidence that the movant used anything other than his hands and feet to assault the victim. Therefore, as a matter of law no factual basis existed for the movant's plea of guilty to the charge of armed criminal action perpetrated by committing the felony of first-degree assault "by, with, or through the use, assistance, or aid of a dangerous instrument."

Because we find that the factual basis for the movant's guilty plea failed to establish the elements of the offense of armed criminal action as a matter of law, we reverse the motion court's judgment denying post-conviction relief. We remand the cause to the motion court and

4

instruct the court to vacate the movant's conviction on the charge of armed criminal action.[3]

_Lawrence D. Mooney_
_____
LAWRENCE E. MOONEY, PRESIDING JUDGE

CLIFFORD H. AHRENS, J., and
LISA VAN AMBURG, J., concur.

_____

[3] The movant sought no post-conviction relief as to his plea to assault in the first degree. Thus, he remains under a sentence of 28 years for that offense.

5