**HOME BUILDERS ASSOCIATION OF GREATER ST. LOUIS, INC., Respondent/Cross–Appellant,**

v.

**CITY OF WILDWOOD, Missouri, Appellant/Cross–Respondent.**

No. SC 84647.

Supreme Court of Missouri, En Banc.

June 17, 2003.

Daniel G. Vogel, Paul V. Rost, Elizabeth E. Ketcher, St. Louis, for Appellant/Cross-Appellant.

JoAnn T. Sandifer, Gregory R. Smith, St. Louis, for Respondent/Cross-Appellant.

W. Dudley McCarter, St. Louis, Amicus Curiae.

MICHAEL A. WOLFF, Judge.

The Home Builders Association of Greater St. Louis, Inc., (HBA) brought a declaratory action challenging the validity of a Wildwood city ordinance that requires subdivision developers to post bonds to assure subdivision improvements.

The trial court held that the city ordinance was void because it is inconsistent with section 89.410 as amended in 1999.[1] The trial court granted summary judgment to the HBA.

The trial court held that the ordinance, No. 675 of the city of Wildwood, exceeded the authority in section 89.410.[2] On appeal, the city argues that the statute gave it the authority, within the bounds of reasonableness, to require developers to post bonds in an amount that exceeded the estimated construction costs of improvements. The city also argues that the section, which by its own language does not apply to maintenance bonds, does not preclude it from requiring developers to post a separate maintenance bond. In the alternative, the city asserts that the current version of section 89.410 was unconstitutionally enacted by the legislature.[3]

This Court has exclusive jurisdiction because this case involves the validity of a state statute. Mo. CONST. art. V, sec. 3. The judgment of the trial court is reversed. The city of Wildwood did not go beyond its statutory authority under section 89.410 in adopting Ordinance 675.

**Section 89.410 and Ordinance 675**

Wildwood's ordinance was adopted to comply with section 89.410 as amended by Senate Bill 20 in 1999. Prior to the amendment, section 89.410.2 provided that the council could accept a bond "in an amount and with surety and conditions *satisfactory to it,* providing for and securing the actual construction and installation of the improvements...."[4] After the 1999 amendment, section 89.410.2 provides that the council may accept a bond "in an amount and with surety *and other reasonable conditions,* providing for and securing the actual construction and installation of the improvements...." Section 89.410.2 (emphasis added). In addition, subsection 3 of section 89.410 now requires a city to release any escrow amount within 30 days of completion of each category of improvement or utility except a maximum retention of 5 percent, which the city must release upon completion of all improvements and utility work.

Ordinance 675, codified as section 1005.080 of the Wildwood city ordinances, provides that a developer must post a "construction deposit" of 110 percent of the Wildwood Department of Public Works' estimated cost of construction, completion and installation of required improvements. Upon completion of all the improvements in a particular category of improvements, the city releases all but 5 percent of the deposit, which the city retains until all improvements of the subdivision are completed.

The ordinance also requires developers to post separately a "maintenance deposit" to secure the maintenance of improvements, including undeveloped lots, streets,

---

1. References are to RSMo 2000 unless otherwise indicated.

2. Section 89.410.1 provides that a council may adopt regulations "governing subdivision of land within its jurisdiction" including those for the coordinated development of streets and space for traffic, recreation, light and air. Subsections 2 to 4 of that section provide direction for cities regarding the posting of bonds.

3. The city raised three points regarding constitutionality: (1) The title to Senate Bill 20,

"Relating to Community Improvements," does not clearly express the subject matter of the legislation as required by article III, sec. 23.(2) Senate Bill 20 violated article III, sec. 23 because it contained more than one subject. (3) Senate Bill 20 was changed from its original purpose in violation of article III, sec. 21.

4. Section 89.410, RSMo 1994 (emphasis added).

sidewalks, common areas, and storage and drainage facilities. The deposit is 10 percent of the department of public works' estimate of the cost of construction, completion and installation of the improvements. Under the ordinance, the city holds the deposit until the sooner of the expiration of 18 months after acceptance for public dedication of the specific improvement by the city or the expiration of 18 months after occupancy permits have been issued on 95 percent of all lots in the subdivision.

## Procedural History

After Wildwood adopted the ordinance, the HBA filed a petition on behalf of its members seeking a declaratory judgment that the ordinance was void because it was in direct conflict with section 89.410. The trial court dismissed HBA's suit finding that HBA lacked standing to bring the lawsuit on behalf of its members. The Court of Appeals, Eastern District, reversed and remanded holding that HBA did have standing. *Home Builders Ass'n. of Greater St. Louis, Inc. v. City of Wildwood*, 32 S.W.3d 612 (Mo.App.2000).

On remand, the trial court granted summary judgment in favor of HBA holding that the ordinance conflicted with a state statute. The court found that Wildwood did not have authority under section 89.410 to require developers to post deposits in an amount 10 percent above the estimated actual construction costs because section 89.410 limits subdivision bonds to the amount of actual construction. Further, the court found that section 89.410 expressly prohibits maintenance deposits; thus, Wildwood could not require maintenance deposits in an amount of 10 percent of the estimated actual construction costs. The court also found that Wildwood was without authority to retain these maintenance deposits for 18 months because section 89.410 requires that 95 percent of any

amount deposited be released within 30 days of the completion of the categories of improvements.

The court invalidated the offending provisions of the ordinance and ordered the city to return all escrow amounts held in excess of those authorized by section 89.410. The city appealed, and HBA cross-appealed for attorneys' fees.

Our review on appeal from summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). After reviewing the record in a light most favorable to the party against whom summary judgment was entered, we reverse. *Id.* For reasons stated below, Wildwood is within its authority under section 89.410 to adopt the challenged provisions of Ordinance 675.

## Actual Construction Costs

Section 89.410 does not prevent Wildwood from collecting subdivision bonds in an amount exceeding the estimated actual cost of construction. The statute provides that the council "may accept a bond or escrow in an amount and with surety and other *reasonable conditions.* ..." Thus, within the bounds of reasonableness, the city may require a bond that accounts for factors such as inflation and prevailing wage so that it can "provide for and secure the actual construction and installation of improvements." Section 89.410.2.

An ordinance must be construed to uphold its validity unless it is "expressly inconsistent or in irreconcilable conflict" with the statute. *McCollum v. Director of Revenue,* 906 S.W.2d 368, 369 (Mo. banc 1995). In reviewing for conflict, this Court looks to the plain language of the statute and determines whether the ordinance prohibits what the statute permits or permits what the statute prohibits. *Morrow*

*v. Kansas City,* 788 S.W.2d 278, 281 (Mo. banc 1990).

By its plain language, section 89.410.2 provides the means by which a city can protect itself in the event it has to complete the subdivision improvements because a developer abandons or somehow evades this duty. The cost to a city is often higher than the developer's estimated cost—the city has to account for inflation and, unlike the developer, is subject to the prevailing wage. The statute enables the city to use a reasonable estimate so that the actual construction is provided for and secured in the event the actual construction costs are higher than the original estimate. Section 89.410.2.

The HBA counters that such estimates by the city would be speculative and could not represent actual construction costs as mandated by the statute. The HBA erroneously argues that the term " 'actual costs' can only refer to the construction costs at the time the deposit is posted." Section 89.410.2 does not use the term "actual costs." However, it does allow a city to require a bond *"providing for* and *securing* the *actual construction"* of improvements. Section 89.410.2 (emphasis added). The cost of "actual construction" as estimated at the time of deposit may not be enough to secure the actual construction, which in many cases will take place years from the date the estimated cost to the developer is established. Even when there is no time delay, construction cost estimates may be too low. Thus, it is reasonable that the bond amount would account for any unexpected costs that may arise over time.

**Maintenance Bonds**

■ Wildwood is within its authority under section 89.410 to require and hold separate maintenance deposits as provided under Ordinance 675. Section 89.410.5, by its plain language, has no effect on subdivi-

sion-related maintenance deposits collected by cities. Subsection 5 provides that "[n]othing in this section shall apply to performance, *maintenance* and payment bonds required by cities, towns or villages." Section 89.410.5 (emphasis added).

■ HBA argues that authorizing additional bonds for maintenance defeats the intent and purpose of Senate Bill 20, which amended section 89.410 to limit the type, amount and duration of deposits required by a municipality. In this case, legislative intent in section 89.410—apart from the language of the statute—cannot be inferred because the language of that section is clear. Courts may not "read into a statute a legislative intent contrary to the intent made evident by the plain language." *Keeney v. Hereford Concrete Prods., Inc.,* 911 S.W.2d 622 (Mo. banc 1995). Where a provision's language is clear, courts must give effect to its plain meaning and refrain from applying rules of construction unless there is some ambiguity. *State ex rel. Baumruk v. Belt,* 964 S.W.2d 443, 446 (Mo. banc 1998).

Here, the language of subsection 5 is unambiguous—subdivision-related maintenance bonds are exempt from the requirements in section 89.410. The inquiry ends with the statute's plain language. The challenged provisions in Ordinance 675 relating to maintenance bonds are valid.

**Constitutionality of Section 89.410**

■ Wildwood raised three points challenging the constitutionality of section 89.410 as amended by Senate Bill 20. The points allege that Senate Bill 20 violated various constitutional requisites, including the single-subject, clearly-expressed title and original purpose requirements. *See* Mo. CONST. art. III, secs. 21 & 23. Neither party challenges the constitutionality of section 89.410 prior to its 1999 amendment. Because the Court concludes that

the challenged ordinance is valid under both the original and amended versions of section 89.410, there is no need to reach the constitutionality of section 89.410.

The original version provided that the council could accept a bond "in an amount and with surety and conditions *satisfactory to it,* providing for and securing the actual construction and installation of the improvements...." Section 89.410.2, RSMo 1994 (emphasis added). The legislature amended section 89.410.2, replacing the phrase "satisfactory to it" with the phrase "other reasonable conditions". The ordinance is valid under either version. The key difference between the two is the addition of a reasonableness requirement in the amended version. The result is the same under either version.

Wildwood's ordinance also conforms with the added provision in 89.410.3, which requires release of any construction or installation-related escrow amount held within 30 days of completion of an improvement except 5 percent that is released upon completion of all improvements.

Finally, the original version did not address maintenance bonds. As amended, section 89.410.5 simply mentions certain types of bonds, such as maintenance bonds, to ensure their exemption from the restrictions that apply to construction or installation bonds.

For these reasons, the ordinance does not conflict with either the original or amended version of the statute; thus, it is unnecessary for this Court to reach the constitutionality of the challenged statute.

## Conclusion

There is no direct conflict between section 89.410 and Ordinance 675. The judgment of the circuit court is reversed. The challenged provisions of the ordinance are valid, and the city need not return any escrow amount that it has retained.

All concur.