STATE of Missouri, Respondent,

v.

Ricky Eugene McCABE, Appellant.

No. WD 72495.

Missouri Court of Appeals, Western District.

June 28, 2011.

Craig A. Johnston, Assistant State Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division II: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Judge.

Ricky Eugene McCabe ("McCabe") appeals his conviction after a jury trial in Boone County, Missouri ("trial court"), for the class B felony of possessing a prohibited article of property in or about the premises of a county jail that may be used in such manner as to endanger the safety or security of the institution, section 221.111.1(4), RSMo Cum.Supp.2009. McCabe moved for a judgment of acquittal notwithstanding the verdict, or in the alternative, a motion for new trial. The motion was overruled, and the trial court sentenced McCabe as a prior and persistent offender to twenty-five years in the Missouri Department of Corrections. On appeal, McCabe argues that: (1) the State failed to present sufficient evidence to support his conviction; and (2) the trial court erred in refusing to instruct the jury on a lesser included offense. We affirm.

**Facts and Procedural History[1]**

McCabe was an inmate in the Boone County Jail. The jail is divided into four pods. McCabe was housed in the C pod, which had seven "tanks" or housing units. McCabe's housing unit contained eight cells—four two-person and four one-person cells—as well as a day room and showers.

McCabe was assigned to cell C–132 and had a cell mate.

On August 22, 2009, Kenton Lewis was the officer assigned "roving" duty to monitor the safety and security of the inmates in the C pod throughout the day. His duties included conducting hourly floor checks by physically going door to door and looking in each door to ensure that the inmates were safe and were not harming themselves or others. During the time McCabe was in cell C–132, between August 19 and August 22, 2009, the cell was checked by an officer approximately sixty-five times.

On August 22 at about 4:00 p.m., Officer Lewis went to McCabe's housing unit to deliver a letter to him. Another inmate a couple of cells away from McCabe's informed Officer Lewis that he heard scratching sounds coming from McCabe's cell. McCabe was standing outside his cell, and Officer Lewis noticed that McCabe was breathing heavily. When Officer Lewis entered McCabe's cell to deliver the letter, McCabe followed. As Officer Lewis was looking around the cell, he noticed fresh scratch marks in the concrete floor, concrete scraped loose above McCabe's bunk, and a small silver object in the cell's desk sandwiched between McCabe's papers. McCabe appeared nervous and positioned himself between Officer Lewis and the desk. Officer Lewis removed the object from the desk, secured it on his person, and asked McCabe to step out of the cell while he looked for anything else in the cell. Officer Lewis did not find anything else in the cell, but he did notice

---

1. Because we view McCabe's primary point as challenging the sufficiency of the evidence for his conviction, we view the facts in the light most favorable to the verdict. *State v. French*, 79 S.W.3d 896, 900 (Mo. banc 2002). We recognize that as to McCabe's secondary point asserting trial court error in failing to instruct the jury on a lesser included offense, we are to view the facts in a light most favorable to the defendant. *State v. Lowe*, 318 S.W.3d 812, 816–17 (Mo.App. W.D.2010). We will do so in considering any additional facts under our review of that point.

concrete and sand debris on the floor by McCabe's bunk and on top of his bunk where the concrete had been chipped loose. The inmates were supposed to clean the concrete floors twice a day.

The object recovered from McCabe's cell was a stainless steel shower drain cover. Drain covers are mounted to the floor in the jail housing unit showers by security screws. This drain cover had been altered by being bent over, making it easy to grasp as a weapon; with one corner fashioned into a pick that could be used to dig, stab, or otherwise puncture something or someone; and the bottom sharpened around the edges so that it was sharp enough to cut something or someone. Weapons are a subset of contraband that is forbidden inside the jail. Because it could be used as a weapon, the drain cover would not be allowed in an inmate's possession. After discovery of the object and debris, Officer Lewis moved McCabe to a different pod. As he was being moved, McCabe told Officer Lewis that he had found the object earlier and tried to get someone's attention so he could turn it in. However, Officer Lewis was in the pod the entire day, and McCabe did not notify him. McCabe spent the day in his cell, while his cell mate spent the day watching television in the day room. During floor checks earlier in the day, Officer Lewis did not notice the scraped area or debris.

McCabe appealed his disciplinary segregation, alleging that his cell was damaged when he moved in; he found the metal object when he was cleaning; he pushed the intercom button numerous times to get an officer's attention, but the officer never answered; and the metal object was not his. However, there was no intercom button in his cell because the intercom was voice-activated. His disciplinary segregation was upheld.

McCabe was criminally charged by substitute information with knowingly possessing on the premises of a county jail a prohibited article that may be used in such manner as to endanger the safety or security of the institution, damage to jail property, and attempted escape from confinement. He was convicted of the possession charge and acquitted of the other two charges. McCabe appeals.

## Point I—Sufficiency of the Evidence

### Standard of Review

McCabe claims that the evidence was insufficient to support his conviction. "This Court's review of a claim of insufficient evidence is limited to determining whether the evidence is sufficient to persuade any reasonable juror as to the element of a crime beyond a reasonable doubt." *State v. Rousan*, 961 S.W.2d 831, 841 (Mo. banc 1998). In making this determination, we "accept[ ] as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence[,] and disregard[ ] all evidence and inferences to the contrary." *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993) (quoting *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989)).

### Analysis

McCabe alleges that the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence and notwithstanding the verdict because the evidence was insufficient to prove: (1) that a shower drain cover is inherently dangerous; (2) that the manner in which the altered shower drain cover was "being used" endangered the safety or security of the jail, and (3) that he knew the altered drain cover was a "dangerous item."

■ McCabe was convicted of the class B felony of possessing a prohibited article in or about the premises of a county jail that may be used in such manner as to endanger the safety or security of the institution:

1. No person shall knowingly ... have in such person's possession ... in or about the premises of any county ... jail ...:

. . . .

(4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the institution or as to endanger the life or limb of any prisoner or employee thereof.

Section 221.111.1(4), RSMo Cum.Supp. 2009. The applicable Missouri Approved Instruction that was submitted to the jury read:

**INSTRUCTION NO. 5**

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

> First, that on or between August 19, 2009, and August 22, 2009 in the County of Boone, State of Missouri, the defendant had in his possession a bent shower drain cover, and

> Second, that defendant did so in the premises of the Boone County Jail, a county jail, and

> Third, that the bent shower drain cover was an article that may be used in such manner as to endanger the safety or security of the institution, and

> Fourth, that defendant acted knowingly with regard to the facts and circumstances submitted in this instruction,

then you will find the defendant guilty under Count I of possessing prohibited articles in or about the premises of a county jail.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, "possession" means having actual or constructive possession of an object with knowledge of its presence. A person has actual possession if such person has the object on his or her person or within easy reach and convenient control. A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint.

MAI–CR3d 329.81 (3–1–06); MAI–CR3d 333.00 (9–1–08). Hence, to convict McCabe under section 221.111.1(4), the State was required to prove beyond a reasonable doubt that: (1) McCabe had in his possession a bent shower drain cover; (2) he did so in or about the premises of the Boone County Jail; (3) the bent shower drain cover was an article that may be used in such manner as to endanger the safety or security of the institution; and (4) he acted knowingly.

First, McCabe argues that there was insufficient evidence to prove that a shower drain is inherently dangerous and falls within the ambit of the statute. However, this issue is properly framed as it was presented to the jury: Was there sufficient evidence to determine that the altered

shower drain cover was an article that may be used in such manner as to endanger the safety or security of the institution?

"'Where a statute's language is clear, courts must give effect to its plain meaning and refrain from applying rules of construction unless there is some ambiguity.'" *Ross v. Dir. of Revenue*, 311 S.W.3d 732, 735 (Mo. banc 2010) (quoting *Home Builders Ass'n of Greater St. Louis, Inc. v. City of Wildwood*, 107 S.W.3d 235, 239 (Mo. banc 2003)). "Words in statutes are given their plain and ordinary meaning unless there is a contrary specific statutory definition, and where the plain and ordinary meaning controls, there is no need to apply rules of statutory construction." *Id.*

To support his claim that the altered shower drain cover could not be used in a manner to endanger the safety or security of the jail, McCabe relies on our decision in *State v. William*, 100 S.W.3d 828 (Mo. App. W.D.2003). William was found guilty under section 217.360.1(4), which prohibits like conduct to that prohibited in section 221.111.1(4) when committed in the department of corrections instead of a county jail. *Id.* at 832. The court found that the State produced evidence sufficient to establish that William's cellular telephone could be used in such a manner to jeopardize the security of the institution. *Id.* at 833. However, the court resorted to the *ejusdem generis* rule of statutory construction to conclude that a cellular telephone and charger do not fit within the general prohibition of the statute, finding that "[t]hey are of a wholly different category than guns, knives, and weapons. Unlike a cell phone, guns, knives and weapons are of themselves inherently dangerous." *Id.* Although we agree with the dicta in *William* that "the State may not apply a criminal statute in such a way as to punish the possession of something that does not fall within the statute's ban," *id.* at 834, the

present case does not involve an unaltered cellular phone or shower drain cover—instead, the article in question is an altered shower drain cover—and the shower drain cover, *as altered*, falls within the broad, "catch-all" language of the statute that prohibits "any ... other article ... that may be used in such manner as to endanger the safety or security of the institution." § 217.360.1(4).

McCabe would have us read into the statute an element of proof that is not there by suggesting that the State had to prove that the bent shower drain cover was "inherently dangerous." The statute does not require the State to prove that the article was "inherently dangerous." "'A deadly weapon, such as a gun, is inherently dangerous.' ... Deadly weapons are an enumerated set of objects." *State v. Payne*, 250 S.W.3d 815, 819 (Mo.App. W.D.2008) (quoting *State v. Williams*, 126 S.W.3d 377, 384 (Mo. banc 2004)). That enumeration is found in section 556.061(10), RSMo Cum.Supp.2010, and includes firearms, switchblade knife, dagger, billy, blackjack, or metal knuckles. "Their classification operates irrespective of their use." *Payne*, 250 S.W.3d at 819. Deadly weapons are defined by "[n]arrow descriptive words." *Id.*

Neither does the statute require the State to prove that the article was a "dangerous instrument." "Dangerous instruments ... can be virtually any item. They are not enumerated by statute and become dangerous instruments when used in a manner where the object is readily capable of causing death or other serious physical injury." *Id.*; *see* § 556.061(9), RSMo Cum.Supp.2010. Dangerous instruments are defined by their "particular manner of use." *Payne*, 250 S.W.3d at 819.

Instead of using these defined terms, the statute prohibits possession of discrete objects: a gun, a knife, a weapon, or an

"article or item of personal property that may be used in such manner as to endanger the safety or security of the institution." § 221.111.1(4). The State introduced substantial and sufficient evidence through the testimony of Officer Lewis and the testimony of Sergeant Shelley Martin, supervisor of the jail, that the bent shower drain cover was an article that could be used in such a manner to endanger the safety or security of the institution—it was folded over or bent over so that it could be grasped and used to hit something or someone; a corner was bent in a pick-like manner so that it could be used to dig out corners or jab someone in the eye or throat; the bottom was sharpened around the edges so that it could be used to cut something or someone. Furthermore, the altered object was admitted as State's Exhibit 1, shown to the jury, and requested by the jury during their deliberations. The jurors could determine for themselves the potential manner of use and "dangerousness" of the altered object.

Second, McCabe argues that we should read into the statute a requirement of actual, rather than potential, use of an item so as to pose a danger. He contends that the State was required to present evidence that the altered shower drain cover was *actually being used* in such manner to bring it within the prohibition of the statute. McCabe misreads the plain language of the statute; the statute only requires that the prohibited "article" *may be used* to endanger the safety or security of the institution. The testimony of Officer Lewis and Sergeant Martin, as summarized above, is sufficient evidence that the bent shower drain cover was an article that *may be used* in such manner as to endanger the safety or security of the institution.

Third, McCabe claims that there was insufficient evidence that he knew the altered drain cover could be used to endanger the safety or security of the institution. The jury was instructed that a person:

[A]cts knowingly . . .

(a) with respect to his . . . conduct or to attendant circumstances when the person is aware of the nature of his . . . conduct or that those circumstances exist, or

(b) with respect to a result of a person's conduct when he . . . is aware that his . . . conduct is practically certain to cause that result.

MAI–CR3d 333.00. "The existence of a mental state required for conviction of a charged offense is often difficult to prove through direct evidence." *State v. Lowe*, 318 S.W.3d 812, 818 (Mo.App. W.D.2010). "'The mental elements establishing [the offense charged] may be proved by indirect evidence and inferences reasonably drawn from the circumstances surrounding' the offense." *Id.* (quoting *State v. Santillan*, 948 S.W.2d 574, 576 (Mo. banc 1997)). Officer Lewis testified that when he started investigating McCabe's cell, McCabe tried to stand between him and the desk; that McCabe was acting nervous about Officer Lewis being in the cell; that Officer Lewis found fresh scratch marks on the floor and scrape marks on the wall; that Officer Lewis found the altered drain cover among McCabe's papers on the desk; that the drain cover had been altered so that it could be used dangerously. Sergeant Martin also described the alterations to the drain cover that would make it usable as a weapon. Based upon the foregoing facts, we find that the State presented sufficient evidence from which a reasonable juror could conclude beyond a reasonable doubt that McCabe knew the altered drain cover could be

used to endanger the safety or security of the institution.

Point I is denied.

## Point II—Failure to Instruct on Lesser Included Offense

### Standard of Review

■■ The "'refusal to submit a tendered jury instruction is within the trial court's discretion.'" *State v. Davis*, 203 S.W.3d 796, 798 (Mo.App. W.D.2006) (quoting *State v. Smith*, 949 S.W.2d 901, 905 (Mo.App. S.D.1997)). Our review is limited to determining whether the trial court abused its discretion in refusing the instruction. *Id.* at 799. "A trial court abuses its discretion if the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.*

### Analysis

■ After the evidence was closed, the trial court held a jury instruction conference outside the presence of the jury. McCabe's counsel submitted an instruction regarding the class A misdemeanor of knowingly possessing contraband in a county jail, section 221.111.1(3), based on MAI–CR3d 329.81. The proffered instruction stated:

> If you do not find the defendant guilty of possessing prohibited articles in or about the premises of a county jail as submitted in Instruction No. ——, you must consider whether he is guilty of possessing prohibited articles in or about the premises of a county jail under this instruction.
>
> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or between August 19, 2009, and August 22, 2009 in the County of Boone, State of Missouri, the defendant had in his possession a bent shower drain cover, and
>
> Second, the defendant did so in the premises of the Boone County Jail, a county jail, and
>
> Third, that the Boone County Jail Prisoner Handbook prohibits a prisoner from possessing items not issued by staff or items altered from their original condition,
>
> Fourth, that defendant acted knowingly with regard to the facts and circumstances submitted in this instruction,
>
> then you will find the defendant guilty under Count I of possessing prohibited articles in or about the premises of a county jail.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> As used in this instruction, "possession" means having actual or constructive possession of an object with knowledge of its presence. A person has actual possession if such person has the object on his or her person or within easy reach and convenient control. A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint.

The trial court refused to give what defendant's counsel referred to as the lesser included instruction on the grounds that it contained "a totally different allegation"

and "it's not what he's charged with in [the] substitute information."

McCabe's proffered and refused instruction was based on section 221.111.1(3), RSMo Cum.Supp.2009, which provides:

> 1. No person shall knowingly . . . have in such person's possession . . . in or about the premises of any county . . . jail . . . :
>
> . . . .
>
> (3) Any article or item of personal property which a prisoner is prohibited by law or rule made pursuant to section 221.060 from receiving or possessing, except as herein provided[.]

In deciding whether the trial court erred in refusing the tendered instruction, we must answer two questions. First, is the class A misdemeanor of knowing possession of an article prohibited by law or rule in or about the premises of a county jail, § 221.111.1(3), a lesser included offense of the class B felony of possessing a gun, knife, weapon, or other article that may be used in such manner as to endanger the safety or security of the institution, § 221.111.1(4)? Second, if we find that subsection (3) is a lesser included offense of subsection (4), then we must ask, was there a basis for an acquittal of the subsection (4) offense and a conviction under subsection (3)? *State v. Hibler*, 5 S.W.3d 147, 150 (Mo. banc 1999); § 556.046.2.

 To determine whether one offense is included in another, we apply the "same elements" test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and codified at section 556.046.1.[2] *State v. Reando*, 313

S.W.3d 734, 738 (Mo.App. W.D.2010). The test is whether "each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180. Section 556.046.1 defines when an offense is included in an offense charged in an indictment or information. Only subsection (1) applies to this case: "An offense is so included when: (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" § 556.046.1(1), RSMo Cum.Supp.2010. Application of section 556.046.1(1) is straightforward: we determine the elements of the offenses at issue and compare them. *See State v. Daws*, 311 S.W.3d 806, 809 (Mo. banc 2010); *Reando*, 313 S.W.3d at 738. " '[O]nly the statutory elements of the offenses are relevant, not the evidence adduced at trial.' " *Reando*, 313 S.W.3d at 738 (quoting *State v. Dennis*, 153 S.W.3d 910, 919 (Mo.App. W.D.2005)).

In this case, McCabe was charged with violating section 221.111.1(4). The elements of this crime are: (1) defendant had in his possession; (2) in or about the premises of a county jail; (3) an article that may be used in such manner as to endanger the safety or security of the institution; and (4) he acted knowingly. § 221.111.1(4). *See* MAI–CR3d 329.81 (3–1–06). In contrast, the elements of section 221.111.1(3) are: (1) defendant had in his possession; (2) an article which the defendant is prohibited by law or rule from possessing; (3) in or about the premises of a county jail; and (4) he acted knowingly. *See* MAI–CR3d 329.81 (3–1–06) and Notes on Use 6 (3–1–06).

---

**2.** McCabe contends that the "elements" test set out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is not the only test in determining whether an offense is a lesser included offense. He asserts that section 556.046.1 is an alternative test. However, our courts have

found section 556.046.1(1) to be a codification of the *Blockburger* "same elements" test. *State v. Daws*, 311 S.W.3d 806, 808 n. 3 (Mo. banc 2010); *State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994); *State v. Reando*, 313 S.W.3d 734, 738 (Mo.App. W.D.2010).

Each crime contains an element not found in the other. The element that requires that the article "may be used in such manner as to endanger the safety or security of the institution" is found only in the charged section 221.111.1(4) offense. The element that requires the article to be prohibited by rule or law is found only in the section 221.111.1(3) offense. Consequently, the offense defined by section 221.111.1(3) is not a lesser included offense of section 221.111.1(4), the offense McCabe was charged with.[3] Thus, the trial court did not abuse its discretion in refusing to give McCabe's proffered lesser included offense instruction.

Point II is denied.

### Conclusion

The trial court's judgment is affirmed.

JAMES M. SMART, JR., Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

---

3. Because section 221.111.1(3) is not a lesser included offense of section 221.111.1(4), we need not and do not reach McCabe's contention that there was a basis to acquit him of the greater charge and find him guilty of the lesser charge. *See State v. Short,* 186 S.W.3d 828, 831 n. 1 (Mo.App. E.D.2006).