**STATE of Missouri, Respondent,**

v.

**Allen W. HAUSE, Appellant.**

**No. WD 73643.**

Missouri Court of Appeals,
Western District.

May 9, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2012.

Application for Transfer
Denied Aug. 14, 2012.

William J. Swift, Assistant Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

PER CURIAM:

Allen W. Hause appeals his convictions and sentences for two counts of tampering with a judicial officer, section 565.084.[1] Hause contends that the evidence was insufficient to establish that his harassing phone calls affected the victim in the performance of his judicial officer duties and that the court erred in failing to instruct the jury on misdemeanor harassment as a lesser-included offense of tampering with a judicial officer. Finding no error of law, we affirm.

### Factual Background

The victim, Judge Kevin Crane, served as the elected prosecutor for Boone County, Missouri, from 1993 through 2006. In 2006, Judge Crane was elected as a circuit judge for the Thirteenth Judicial Circuit, and he took office in 2007. Sometime during 2006, Hause was charged with unlawful use of a weapon by the Boone County Prosecutor's office, though Judge Crane, personally, had nothing to do with the charging decision. In early 2008, after Judge Crane took judicial office, the presiding judge assigned Hause's case to Judge Crane's division. Judge Crane was wholly unfamiliar with Hause at the time.

Before Hause's case arrived in Judge Crane's division, an associate circuit judge had set a bond of $10,000 for Hause, which his mother posted through a bondsman.

---

1. Unless otherwise indicated, statutory citations are to RSMo 2000, as updated through the 2008 cumulative supplement.

Hause subsequently failed to appear for a pretrial hearing in Judge Crane's division, and Judge Crane issued a capias warrant for Hause's arrest and increased the bond amount to $20,000. Judge Crane also set a bond forfeiture hearing. After several months passed with numerous appearances by the bondsman seeking additional time to locate Hause, Judge Crane finally ordered the bond forfeited.

On December 25, 2009, Judge Crane and his family returned home after visiting with other relatives, and there was a message on his answering machine that said:

Seasons Greetings from Allen W. Hause. Thought I'd give you a call and wish you a Happy Holiday. Hope you got plenty of presents from the $10,000 you stole from my momma. And if I was a violent man, I'd already had you in the park this summer. You're a crazy man jogging by yourself out there on the Katy Trail. Well, you're not the only one that's a class clown pal. See you. Bye.

Judge Crane had no idea who Hause was, but the message concerned him because Judge Crane was a runner, and he had used the Katy Trail in the past. The next day, Judge Crane contacted the Boone County Sheriff's Department about the phone call.

The Sheriff's Department discovered that Hause was an individual on whom Judge Crane had issued a capias warrant, and Deputy Tracey Cleeton investigated known addresses for Hause, including that of Hause's mother in Hartsburg, in an effort to locate Hause. Hause's mother was very uncooperative with Deputy Cleeton, refusing to provide any details for Hause's whereabouts or contact information and directing Deputy Cleeton to leave her property immediately.

On December 28, 2009, after discovering the connection with Hause, Judge Crane recused himself from Hause's criminal case, feeling that he had a conflict based upon the harassing message. Judge Crane indicated, however, that his reason for recusal was based upon him being the prosecutor at the time Hause was charged so as not to alert Hause to the fact that he was being investigated for the message.

On New Year's Day, 2010, Judge Crane again returned home to several messages on his answering machine from Hause. The messages were as follows:

*January 1, 2010—12:10 a.m.*

Hi ol' boy this is A.W. Hause calling, thought I'd give you a call and wish you New Year's wishes, you cocksucker. May God bless you with a pure lotta' hell. And next year, if you live, it'll be a whole lot worse than the day you die. May God bless you bitch. I'll call you next year (inaudible). I'm hiding out in the park, look for me, I'll be right there in my car (inaudible). Good luck you son-of-a-bitch, and God bless ya'.

*January 1, 2010—12:24 a.m.*

Hey there you crooked bastard, thought I'd, thought I'd give you a call and tell ya' Happy New Year you son-of-a-bitch. I hope you're making it fucking well in Missouri. I would like to wish you a Happy New Year you son-of-a-bitch. If you fuckin' harass my momma any more I (inaudible). Later. Good bye.

*January 1, 2010—2:00 a.m.*

Yeah, this is the invisible man, Allen Hause. I thought I'd give you a call to say howdy doody, da doo da doo. How you doin' brother, you fuckin' crooked bastard. You wanna contact my mom and dad again huh (inaudible) I don't know why in the hell you guys, and the keystone cops can't get but here I am. I'm just waitin' on your call. You fuckin' punk bastard. Why don't you bug her again and (inaudible) you fuckin' prick bastard. Eat my shorts bitch.

Here I am, I'm in a mother fuckin', what do you call it, uh, fuckin' park here, now what do you call it. Fuckin' here I am, come get me, bitch. Bye bye.

*January 1, 2010—8:06 a.m.*

Happy New Year you fraudulent bastard, I thought I'd call you when I was a little more coherent. I was kinda' slicked up last night. But by God I thought I'd give you a call and wish you a Happy New Year you punk son-of-a-bitch. You best leave my momma alone, she don't know where I'm at. I wouldn't hang out with her no more anyway. So I just thought I'd give you a call and let you know that. You uh send your keystone cops down there again I'll come lookin' for you mother fucker. That's all there is to know. Good evening. Bye bye.

Judge Crane was again alarmed by the messages and contacted the Boone County Sheriff's Department.

Hause was subsequently charged as a prior felony offender with two counts of tampering with a judicial officer; the first count was based on the December 25, 2009, phone message, and the second count was based on the January 1, 2010, messages collectively. At trial, Hause offered verdict-directing instructions for misdemeanor harassment, section 565.090, as claimed lesser-included offense instructions to the tampering charges. The court refused the instructions, finding that misdemeanor harassment was not a lesser-included offense of tampering.

The jury found Hause guilty of both counts of tampering with a judicial officer, and the court sentenced him to consecutive terms of seven years' imprisonment. Hause appeals.

## Analysis

Hause raises four points on appeal. The first two points claim that the evidence was insufficient to establish that Hause harassed Judge Crane in the performance of his judicial officer duties, with the points attacking each conviction individually. The second two points claim that the trial court erred in refusing Hause's proffered misdemeanor harassment instructions as lesser-included offense instructions, with the points again addressing each conviction separately. The State argues that the evidence was sufficient to support each conviction and that misdemeanor harassment is not a lesser-included offense of tampering with a judicial officer. We agree with the State.

## I. Sufficiency of the evidence

As charged by the State, to prove Hause guilty of tampering with a judicial officer, the State had to prove that Hause, "with the purpose to harass, intimidate or influence a judicial officer in the performance of such officer's official duties, ... [e]ngage[d] in conduct reasonably calculated to harass or alarm such judicial officer ...." § 565.084.1(4). Hause argues that because the messages did not relate to future actions by Judge Crane, they could not have had the effect of influencing Judge Crane in the performance of his official duties in Hause's case. Thus, he argues, the evidence was insufficient to establish that element of the crimes. We disagree.

"In reviewing the sufficiency of the evidence, we accept as true all evidence favorable to the State, and '[a]ll evidence and inferences to the contrary are disregarded.'" *State v. Anderson*, 348 S.W.3d 840, 843 (Mo.App. W.D.2011) (quoting *State v. Crawford*, 68 S.W.3d 406, 407–08 (Mo. banc 2002)). Our review is "limited to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty be-

yond a reasonable doubt." *Crawford*, 68 S.W.3d at 408.

Hause claims that the message forming the basis for Count I did not affect Judge Crane in the performance of his judicial duties because it was nothing more than an expression of anger about a past event—the forfeiture of Hause's bond. Hause reasons that because the message did not involve any potential future acts by Judge Crane in Hause's case, the State's evidence was insufficient. Similarly, while the messages forming the basis for Count II did involve some future conduct (directions to leave Hause's mother alone), Hause argues that because Judge Crane had recused himself from Hause's underlying criminal case, Hause's messages did not affect Judge Crane in the performance of his official duties.

Hause's argument presupposes that, in order to tamper with a judicial officer in the performance of that officer's official duties, the threats or improper communications must have a potential effect on the outcome of a particular case. We disagree.

Nothing in the tampering statute requires the State to prove that an individual's actions affected a judicial officer in performing official duties *in a specific case*. Cf. § 575.260 (tampering with a judicial proceeding). Rather, the statute speaks only in terms of affecting the judicial officer in the performance of the officer's official duties, generally.

In *State v. McGirk*, 999 S.W.2d 298, 299 (Mo.App. W.D.1999), the defendant argued that one of the elements of the crime of tampering with a judicial officer was the existence of a pending, official proceeding. This court rejected that argument based upon the legislative history of the tampering statute. *Id.* at 300–01. Noting that the statutory language changed from discussing acts related to "an official proceeding" to acts related to "the performance of such officer's official duties," this court held that "the legislature intended to expand the acts [that] would violate the statute, thus clarifying its intent that violations could not be exculpated merely because they occurred before an official proceeding began." *Id.* at 301.

We think the same logic applies to Hause's argument. "The State of Missouri unquestionably has a compelling interest in ensuring that its judicial servants are able to execute their functions without fear of threats, intimidation and harassment." *Id.* at 302. We see no reason to limit the application of the statute to case-specific harassment and threats.[2]

While Hause's messages in this case likely had no effect on the outcome of Hause's case,[3] they could have affected Judge Crane in the performance of his official duties in other cases. A judge's independence and decision-making ability are no less affected when he is threatened based upon his actions in one particular case than if he were threatened based upon his actions in all cases. If individuals

---

2. As discussed in *McGirk*, tampering with a judge is different from tampering with a witness or a victim because an individual becomes a victim or a witness for only a specific case, whereas a judge remains a judge, before, during, and after any given case. "A judicial officer ... always remains so and does not become less so because an official proceeding [against a particular individual] is not underway." *McGirk*, 999 S.W.2d at 301.

3. The first message did, however, have an effect on Judge Crane's actions in Hause's case, considering the fact that Judge Crane recused himself in response to Hause's threatening message even though this was not an action Hause indicated Judge Crane should take.

are permitted, with immunity, to harass and threaten a judicial officer simply because the harassment does not involve any prospective conduct in a specific case, that officer may not be as willing in the future to make the type of decision that led to the harassment. Allowing such harassment would defeat the purpose of the statute, which seeks "to assure the public that judges confine their decisions to the evidence and law applicable to a case rather than threats and intimidation." *State v. Cella*, 32 S.W.3d 114, 118 (Mo. banc 2000).

The fact that Hause's messages likely would not have affected the outcome of his particular case does not exonerate him from his conduct towards Judge Crane. Although Judge Crane was not asked to make any more decisions in Hause's case, the performance of his official duties will likely require him to determine whether to forfeit an absconding criminal defendant's bond in other cases in the future. To ensure that Judge Crane—and all other judicial officers—can take such actions without fear of repercussion, the statute must be read to encompass all acts of harassment and intimidation towards judicial officers, so long as that harassment or intimidation is based upon an act or actions the officer has taken or might take in his judicial capacity, regardless of whether the harassment is intended to affect the outcome of any particular case.[4]

We recognize that section 565.084 requires the State to prove that an individual acted with the purpose to harass, intimi-

date, or influence a judicial officer, and proof of an individual's purpose to *influence* a judicial officer *might* necessarily focus on case-specific judicial conduct (though we can envision cases where an individual acts with the purpose to influence a judicial officer's conduct generally, and such cases would *not* require case-specific proof). But here, Hause was not charged with acting with the purpose to *influence* Judge Crane in any particular decision, case-specific or otherwise; rather, he was charged with acting with the purpose to *harass* Judge Crane. The evidence very clearly established, in both counts, that Hause acted with the purpose to harass Judge Crane and that the harassment was based upon acts taken by Judge Crane in the performance of his official duties.

Points I and II are denied.

## II. Alternate verdict-directing instructions

■ In his third and fourth points on appeal, Hause argues that the trial court erred in refusing his proffered verdict-directing instructions on misdemeanor harassment as lesser-included offenses of tampering with a judicial officer. The State argues that the trial court properly rejected the instructions because they were not, in fact, lesser-included offenses of the charged crimes. We agree with the State.

---

**4.** The language restricting the scope of the statute to actions related to "the performance of such officer's official duties" is meant to preclude prosecution under the statute based solely on the alleged victim's status as a judicial officer. In other words, the harassment or intimidation, to fall within the scope of the statute, must relate to the judicial officer's judicial acts. Here, the only connection between Hause and Judge Crane was rooted in Judge Crane's role as a judicial officer in

Hause's criminal case. The two men otherwise did not know each other. Had the harassment arisen out of a relationship outside the legal system, Hause could not be prosecuted simply because of Judge Crane's status as a judicial officer; Hause's threats and harassment would have to clearly involve some act or action Judge Crane took or could take in his judicial capacity to bring them within the scope of the tampering statute.

■ A trial court may, within its discretion, refuse to submit a tendered jury instruction. *State v. McCabe*, 345 S.W.3d 311, 318 (Mo.App. W.D.2011). "Our review is limited to determining whether the trial court abused its discretion in refusing the instruction." *Id.* "A trial court abuses its discretion if the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Davis*, 203 S.W.3d 796, 799 (Mo.App. W.D.2006).

> By established law an instruction on a lesser-included offense is appropriate only if it includes some, but not all, of the elements of the greater offense instructed upon, and requires no finding of an essential element in addition to those set out in the verdict director for the greater offense.

*State v. Mayer*, 3 S.W.3d 423, 426 (Mo. App. E.D.1999).

Here, Hause was charged with tampering with a judicial officer in that, with the purpose to harass Judge Crane, Hause engaged in conduct reasonably calculated to harass Judge Crane by leaving harassing and alarming messages on Judge Crane's telephone. The elements of tampering with a judicial official, as charged in this case, are: (1) Hause acted with a purpose to harass; (2) Judge Crane was a judicial officer; (3) the harassment involved the performance of Judge Crane's official duties; and (4) Hause's conduct was reasonably calculated to harass or alarm Judge Crane. § 565.084.1(4).

Hause claims that misdemeanor harassment, section 565.090, is a lesser-included offense of tampering with a judicial officer. That statute provides, in pertinent part, that "[a] person commits the crime of harassment if he or she ... [k]nowingly communicates a threat to commit a felony to another person and in so doing frightens, intimidates, or causes emotional distress to such other person." § 565.090.1(1). Thus, the elements are: (1) the person acts knowingly; (2) the person communicates a threat to commit a felony against another person; and (3) the person receiving the communication is frightened, intimidated, or distressed emotionally.

As the State correctly notes, harassment requires elements not required for tampering with a judicial officer—namely, harassment requires a threat to commit a *felony* against the victim, and harassment requires the additional element of effect on the victim (*i.e.*, the victim must actually be frightened or intimidated). A person can harass or threaten a judicial officer without outlining a specific felony to be committed against the judicial officer; thus, harassment requires an element not required to prove tampering. Additionally, tampering requires no impact on the judicial officer as a result of the perpetrator's conduct. In other words, the judicial officer need not actually be frightened or intimidated for the State to prove a defendant guilty of tampering with a judicial officer. Harassment, however, requires proof that the victim was, in fact, frightened or intimidated as a result of the defendant's actions. Consequently, harassment cannot be considered a lesser-included offense of tampering with a judicial officer.

■ Instead of focusing on the elements of the two offenses, Hause argues that there was a basis in the evidence for acquitting him of tampering and convicting him of harassment. But this argument puts the cart before the horse. To determine whether the trial court erred in refusing a proposed lesser-included offense instruction, we necessarily engage in a two-step inquiry. *McCabe*, 345 S.W.3d at 319. First, we must determine whether the proffered instruction is, in fact, a less-

er-included offense of the charged offense. *Id.* Only if the answer to this question is affirmative do we proceed to the second step, which is whether there is a basis in the evidence for acquittal of the greater offense and conviction of the lesser offense. *Id.* If the proffered instruction does not contain a true lesser-included offense, then it is irrelevant whether the evidence supports acquittal of the charged offense and conviction of the alleged lesser-included offense.

 "There is no obligation, and in fact it could be erroneous for the court to instruct on an offense not specifically charged in the information or indictment unless it is a lesser included offense." *State v. Stone,* 571 S.W.2d 486, 487 (Mo. App.1978). "This is because a defendant may not be convicted of an offense not charged in the information or indictment." *Id.*

[A]n offense does not become a lesser included offense because all of the elements of the lesser offense are supported by evidence at the trial. Rather, all elements of the lesser offense must be necessary to establish the greater offense when added to an additional element or elements. In short, the fact that the evidence establishes guilt of the defendant of a lesser crime does not necessarily mean that that crime is a lesser included offense and must be instructed upon.

*Id.*

Because harassment requires proof of additional elements beyond those required to prove tampering with a judicial officer, harassment is not a lesser-included offense. The trial court committed no error in refusing Hause's proposed instructions.

Points III and IV are denied.

## Conclusion

Hause's convictions and sentences are affirmed.