STATE of Missouri, Respondent,

v.

Michael COFFMAN, Appellant.

No. ED 97325.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 18, 2012.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Jennifer A. Wideman, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before DIV IV: LAWRENCE E. MOONEY, Presiding Judge, PATRICIA L. COHEN, Judge, and KURT S. ODENWALD, Judge.

KURT S. ODENWALD, Judge.

## Introduction

Michael Coffman ("Coffman") appeals from the judgment entered upon a jury verdict of second-degree murder, Section 565.021.[1] A jury found Coffman guilty of the second-degree murder of Donald Eberhardt ("Eberhardt") after being instructed regarding first-degree murder, second-degree murder, and voluntary manslaughter. On appeal, Coffman argues that the trial court erred in refusing to submit an instruction for involuntary manslaughter because the record supports an inference that Coffman caused Eberhardt's death through reckless conduct. Because the evidence adduced at trial did not support the submission of an instruction to the jury for involuntary manslaughter, we affirm the judgment of the trial court.

## Factual and Procedural History

The evidence established at trial, construed in the light most favorable to the defendant, is as follows. On the morning of November 13, 2009, William Spurlin ("Spurlin") was at the home of his girlfriend Elisha Hunter ("Hunter"). When Spurlin awoke that morning, Coffman and Eberhardt were in Hunter's bedroom. Spurlin, Coffman, and Eberhardt smoked methamphetamine together and then Coffman and Eberhardt asked Spurlin for a ride to the Metrolink station. Spurlin

agreed. Spurlin drove the vehicle. Coffman sat in the front passenger seat and Eberhardt in the back seat.

As the vehicle approached the Metrolink station, Spurlin drove around for a while so Coffman could talk to Eberhardt. Coffman and Eberhardt began to argue over a debt Eberhardt owed to Coffman. The argument quickly escalated. Eberhardt made a disparaging comment about Coffman's wife, causing Coffman to respond by punching Eberhardt in the face and putting him in a headlock between the two front seats. As the vehicle approached a stop sign, Coffman drew a .380 semiautomatic handgun, placed it against Eberhardt's head, and pulled the trigger, killing Eberhardt. Coffman then told Spurlin to stop the car, allowing Coffman to remove Eberhardt's body from the vehicle, and leave the body in an alley. Coffman waved his gun at Spurlin and demanded Spurlin drive away. Spurlin complied. A nearby off-duty police officer discovered Eberhardt's body and dialed 911.

Over the next several hours, Coffman forced Spurlin to help him cover-up the shooting by abandoning Spurlin's car and changing their clothes. Coffman detained and threatened Spurlin during that time. Police eventually came to Hunter's home where Spurlin and Coffman were hiding. Coffman fled when the police arrived, but the police arrested Spurlin. Spurlin identified Coffman and Eberhardt from separate photo lineups. Police later located and arrested Coffman.

The State charged Coffman with firstdegree murder and armed criminal action. At the jury instruction conference, Coffman requested the trial court submit a jury instruction for involuntary man-

1. All statutory references are to RSMo. Cum. Supp.2009.

slaughter, which the trial court refused. The trial court submitted jury instructions for first-degree murder, second-degree murder, and voluntary manslaughter. The jury acquitted Coffman of the charge of first-degree murder, but found Coffman guilty of second-degree murder and armed criminal action. The trial court entered a judgment accordingly. Coffman now appeals.

## Point on Appeal

In his sole point on appeal, Coffman argues that the trial court erred in refusing to submit a jury instruction for involuntary manslaughter.

## Standard of Review

We review a trial court's refusal to submit a proposed lesser-included jury instruction for an abuse of the trial court's discretion. *State v. McCabe*, 345 S.W.3d 311, 318 (Mo.App. W.D.2011). If this Court finds that the trial court refused to give an instruction, we will reverse only if the failure to offer the instruction was prejudicial to the defendant. *State v. Burks*, 237 S.W.3d 225, 228 (Mo.App. S.D. 2007).

## Discussion

 The law is well settled that a defendant is entitled to a jury instruction on a lesser-included offense when the evidence, viewed in the light most favorable to the defendant, establishes a basis for that instruction. *State v. Johnson*, 284 S.W.3d 561, 575 (Mo. banc 2009). An instruction on a lesser-included offense is required where the evidence provides a basis for both acquittal of the greater offense and conviction of the lesser-included offense. *Id.*

Coffman contends that the record, viewed in the light most favorably to him, supports an instruction for involuntary manslaughter. A person commits the crime of involuntary manslaughter if he or she recklessly causes the death of another. Section 565.024. A person acts reckless if he or she "consciously disregards a substantial and unjustified risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Section 562.016.4. Coffman contends that the evidence supports an inference that he recklessly caused the death of Eberhardt, but did not act knowingly. In particular, Coffman asserts that evidence was adduced at trial that he shot Eberhardt as the driver applied the vehicle's brake, thereby shaking the vehicle, and inadvertently causing Coffman to pull the trigger of the handgun he was holding to Eberhardt's head. Coffman's theory is that the evidence supports a conclusion that Coffman acted recklessly in placing a loaded gun to Eberhardt's forehead, while the car was moving, but that the actual discharge of the gun was unintentionally caused by the shaking of the decelerating vehicle, not Coffman's conscious act.

The State cites *State v. Johnson*, 284 S.W.3d 561 (Mo. banc 2009) and *State v. Glass*, 136 S.W.3d 496 (Mo. banc 2004) for the proposition that a trial court does not necessarily err when refusing to submit a jury instruction for a lesser-included offense even when evidence supports the submission. The Supreme Court held in *Johnson* that "[t]he failure to give a different lesser-included offense instruction is neither erroneous nor prejudicial when instructions for the greater offense and *one* lesser-include offense are given and the defendant is found guilty of the greater offense." *Johnson* 284 S.W.3d at 575, *citing Glass*, 136 S.W.3d at 515 (emphasis in original). The State argues that pursuant to *Johnson* and *Glass*, the trial court did

not err in refusing to instruct the jury on involuntary manslaughter because the trial court submitted instructions for the original charge of first-degree murder, and the lesser-included charges of second-degree murder and voluntary manslaughter, and the jury found Coffman guilty of a greater offense of second-degree murder.

Coffman contends that *Johnson* and *Glass* are inapplicable to the instant case. Coffman notes that in both *Johnson* and *Glass,* a jury convicted the defendant of the greater charge of first-degree murder after also being instructed on the lesser-included offense of second-degree murder, but the defendants appealed the trial courts' refusals to instruct the jury on the lesser-included offense of manslaughter. Coffman suggests that neither *Johnson* nor *Glass* provide guidance to this Court because in both of those cases the jury rejected a lesser-included offense instruction and convicted the defendant of the original charged offense. Coffman argues that the lack of prejudice to the defendants in *Johnson* and *Glass* results from the fact that both defendants were convicted of the "greatest" count charged, even though the jury was offered the opportunity to convict the defendants of some lesser charge. Coffman distinguishes *Johnson* and *Glass* from the instant case because the jury acquitted Coffman of the original charge of first-degree murder, and convicted him of a lesser-included offense, second-degree murder. We do not address this legal argument presented by Coffman because the record before us does not contain any evidence to support a finding that Eberhardt's death was caused a "reckless act" that would support the submission of an instruction of involuntary manslaughter.

■ As indicated above, Coffman's allegation of trial error is premised upon his argument that the evidence presented at trial reasonably supports an inference that Coffman accidentally pulled the trigger of the handgun as the result of the sudden motion of the decelerating vehicle. However, even construing the evidence favorably to Coffman, as we must, we find no support for Coffman's claim.

The evidence relevant to Coffman's claim is as follows: During direct examination, Spurlin, the driver of the vehicle, testified "I remember coming to the stop sign and then I heard the gunshot." Spurlin did not testify during direct examination that the vehicle reached the stop sign, that he was applying the brake, or that the car had begun to decelerate when he heard the gunshot. The only other evidence at trial as to the movement of the vehicle at the time Coffman shot Eberhardt occurred during Spurlin's cross-examination and is as follows:

Defense Counsel: And outside of an argument, [Coffman] never said, "I'm going to kill you," or gave any indication that he was going to kill anybody.

Spurlin: No, not outside of the argument, no.

Defense Counsel: It was just an argument over money.

Spurlin: Yeah.

Defense Counsel: And money that he wanted to be paid back.

Spurlin: Yeah.

Defense Counsel: You were coming up to a stop sign.

Spurlin: Yeah.

Defense Counsel: You were putting your foot on the brake to come up to the stop sign and that's when the shot sent off.

Spurlin: Yes.

Absent from the record is any testimony that the car was shaking or jerking as Spurlin applied the brake. The record contains no evidence that the movement of the car in any way caused Coffman to

involuntarily pull the trigger, or contributed in any way to Coffman pulling the trigger. In fact, Spurlin's testimony does not state he had begun to actually apply the brake and slow the car. A literal reading of the transcript reveals that Spurlin testified that he was in the process of putting his foot on the brake pedal, and not that he had pressed the brake and begun slowing the vehicle. Coffman's argument on appeal is that there is sufficient evidence, when viewed in the light most favorable to him, that supports a finding that Coffman pulled the trigger of the handgun by accident. Coffman's theory is wholly dependant upon on facts showing that his act of pulling the trigger was caused by a change in the motion of the car as a result of Spurlin slowing the car as it approached a stop sign. The record simply contains no evidence or testimony from any witness that the car shifted, shook, jerked or otherwise experienced any sudden movement as a result of deceleration at the moment Coffman pulled the trigger killing Eberhardt. Absent evidence that the car moved in some irregular, erratic or sudden manner at the moment Coffman pulled the trigger, we reject the argument that a jury could reasonably infer that Coffman shot Eberhardt accidentally as the result of the driver beginning to apply the brake of the car.

In determining whether a lesser-included offense based on recklessness should have been given, Coffman is entitled to all reasonable inferences granted in favor of the lesser-included offense. *See Johnson,* 284 S.W.3d at 575. However, to infer from the testimony that Spurlin's act of beginning to put his foot on the brake caused Coffman to involuntarily pull the trigger of the handgun requires an assumption of a fact not found in the record, i.e., that Spurlin applied the brake in such a manner so as to cause an involuntary movement in Coffman's hand. There is simply no evidence to support that fact or inference. In determining whether an instruction on a lesser-included offense should have been given, we grant all reasonable inferences in favor of the submission of the instruction, but we may not supply missing evidence to support the giving of the instruction. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001).

Coffman had the opportunity to elicit more specific testimony from Spurlin during cross-examination regarding the movement of the car at the time Coffman pulled the trigger. Coffman did not develop any such testimony during his cross-examination of Spurlin, or through any other witness or evidence. Alternatively, Coffman could have testified that the car's movement caused him to accidentally pull the trigger, but he did not. Coffman elected to leave the testimony on this key fact in general and vague terms. Our standard of review does not allow us to assume that answers favorable to a party would have been given in response to questions that a party did not ask of a witness at trial. Even when viewed in the light most favorable to Coffman, the record does not contain evidence from which a reasonable jury could find Coffman guilty of involuntary manslaughter. Accordingly, the trial court did not err in refusing to submit such an instruction.

### Conclusion

Finding no error, we affirm the judgment of the trial court.

LAWRENCE E. MOONEY, J.,
PATRICIA L. COHEN, J., concur.